## Mary Emery v. Henry W. Lord.

*Married women: Promissory note: Debt of husband.*    A married woman is not
liable upon her promissory note given for the purpose of securing a debt of
her husband.

*Married woman: Separate property: Promissory note.*    And the fact simply that
the materials for which the note was given, went to improve her separate
estate, with her knowledge and approbation, will not, of itself, necessarily ren-
der her liable upon the note.

*Married woman: Promissory note: Separate property: Consideration.*    If, how-
ever, there was an equitable obligation on her part to pay the account for
which the note was given,—as, if the materials furnished were thus used in
improving her property without her having paid or become bound to pay the
husband or any one else for them, or if the husband, as between him and his
wife, was acting as her agent—then, whether the note was given as payment
or as security merely, and notwithstanding the credit may have been originally

given to the husband, there was a good and valuable consideration for the note, and she would be bound; this would be in effect substantially a debt incurred on account of her separate property.

*Submitted on briefs January 15.    Decided January 17.*

Error to Oakland Circuit.

*W. B. Jackson,* for plaintiff in error.

*G. X. M. Collier* and *Wisner & Draper,* for defendant in error.

CHRISTIANCY, CH. J.

This was an action of assumpsit brought by defendant in error against the plaintiff in error, upon a promissory note made by her, she being at the time of its execution, and when the suit was brought, a married woman living with her husband.

The evidence as set forth in the bill of exceptions, so far as material to be stated, tended to show that she was the owner in her own right, of the "Northern Hotel" property, so called, in the city of Pontiac; that the plaintiff (below) had furnished lumber and other materials for building a barn upon the premises, and which were so used; but that he dealt entirely with the husband, and charged the whole amount—about eleven hundred dollars—upon his book, to the husband, at the time the materials were furnished; that the credit, therefore, was given to the husband, instead of the wife, at the time; that the plaintiff received payments from the husband, which reduced the amount down to four hundred and fifteen dollars.

Plaintiff, wishing payment of this balance, called upon the husband for it, who requested time for that purpose, which the plaintiff agreed to give if the wife would give her note for it, which she did, payable four months after date; and this is the note upon which the action is brought.

Whether the note was given and received in payment, or only as security, was a question upon which the evidence was conflicting, there being evidence tending to prove both.

The note is in the ordinary form of a note made by any competent party, without referring to her separate property, or to the fact that she was a married woman, and without stating what was the consideration for which it was given, and is signed simply " Mary Emery."

The only question in the case is, whether upon these facts, the note was valid, and whether the action against her can be maintained upon it.

If the balance of the account for which the note was given, was equitably due from the wife, and if, as between her and her husband and the plaintiff, there was an equitable obligation on her part,—as, if the materials furnished by the plaintiff, were thus used in improving her property, without her having paid or become bound to pay to the husband or any one else for them, or if the husband, as between him and his wife, was acting only as her agent,—then, whether the note was given in extinguishment, or only as security for the indebtedness, and though the credit might originally have been given to the husband, there was a good and valuable consideration for the note, and she would be bound.

It would then be, in effect, substantially a debt incurred on account of her own separate property, with respect to which she was, by our statutes, for all purposes of this kind, to be treated in all respects as if she had been unmarried.   And there can be no more reason, in such a case, for declaring upon the face of the paper her intention to charge her separate property, in order to hold her or her property liable, than in the case of any unmarried woman or other competent party.

26 MICH.—55.

But if she had paid her husband, or any other person, as, for instance, a contractor, for these materials, or, by contract, she had bound herself to pay either the husband or such third person who had undertaken to furnish the materials, then the materials, though furnished originally by the plaintiff on the credit of the husband or such third person, would, in no legal or equitable sense, be considered as furnished by the plaintiff for her benefit, but for that of the party to whom he gave the credit, and she would be neither equitably nor legally bound to pay him, nor would there be any such equitable obligation as would constitute a valid consideration for the note, though the materials happened to be used in the construction of a barn on her premises, and with her knowledge and consent.

The court below correctly charged the jury that "if they should find that the note was given simply for the purpose of securing a debt which her husband owed the plaintiff, then she would not be liable upon it, and the verdict should be for the defendant."

But his charge further proceeds to say: "On the other hand, if the jury shall find from the evidence that the consideration for the note, which appears to have been lumber and lime, went to improve the separate estate of the defendant, with her knowledge and approbation, and she gave the note for the balance of the account, and not as security for the payment of the husband's debt, then you will find for the plaintiff."

Now this charge made her liability upon the note, and the plaintiff's right of recovery, depend upon the single isolated question, whether the materials for which the note was given, went to improve her separate estate; and made the fact of the use of the materials in that way, if with her consent and approbation, conclusive of her liability upon the note. But, as we have already seen, the materials might

in several different ways have been so used with her consent and approbation, without creating any moral or equitable obligation on her part to pay the plaintiff for them.

For this error the judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.