### AMANDA JOHNSON v. CASTLE SUTHERLAND.

*Married woman's note—Parol evidence as to consideration.*

Parol evidence is inadmissible to vary a note so as to show a different consideration from that expressed on its face.

A married woman's promise to pay must be based on a property consideration and relate to property already possessed by her, or to be acquired by or in consideration of the contract.

A married woman's contracts, whether negotiable or not, are no better in the hands of a *bona fide* holder than in those of the first holder.

Error to Genesee.    Submitted Oct. 24.    Decided Oct. 31.

ASSUMPSIT.    Defendant brings error.

*Wisner & Johnson* and *O. Adams* for plaintiff in error.

*William Newton* for defendant in error.

CAMPBELL, C. J.    Sutherland sued Mrs. Johnson, a married woman, on the following note:

"One year from date, for value received I promise to pay C. Sutherland or bearer the sum of three hundred and fifty dollars with interest at the rate of ten per cent per annum, the same being for money loaned.    Flint, March 14, 1868.

(Signed)            AMANDA JOHNSON.

The defense set up was that there was no such consideration as would support the promise of a married woman to pay money, inasmuch as the note was not given for anything which became or was to become the separate property of Mrs. Johnson.

It has been repeatedly held by this court that a married woman's promise to pay must be based on a consideration in the shape of property, and that she has no power to make contracts except concerning her separate estate, which must be either by making agreements concerning property already possessed, and referring to it, or else concerning property acquired by the contract or in consideration of it, *West v. Laraway*, 28 Mich., 464; *Ross v. Walker*, 31 Mich., 120; *Jenne v. Marble*, 37 Mich., 319.

Plaintiff below claimed that the consideration of the note consisted partly in the sale to Mrs. Johnson of a note made by her husband for $200 and interest, and partly of money and services in behalf of her husband to aid in his defense under a criminal charge.    Mrs. Johnson's testimony showed, as was held below, a case of duress and extortion.    The jury found on plaintiff's theory, and gave a verdict against her.

It is clear that the only part of the alleged consideration whereby she was to obtain any pecuniary benefit was the transfer of her husband's note, and that on any theory there was an absence of consideration for all beyond its amount.    As the evidence of Sutherland showed that this note payable to bearer was still in his control and possession, it is not quite clear to us how Mrs. Johnson got any benefit from it.    But the more serious difficulty apparent on this record renders that unimportant.

Inasmuch as a married woman cannot contract generally, her contracts whether negotiable or non-negotiable in form, can never be any better in the hands of a *bona fide* holder than in those of the first holder.    A consideration connected with her separate property is necessary

in all cases where she is the maker of such paper, and without deciding on whom the burden of proof lies where it appears *prima facie* to be for value received, it cannot be enforced unless made for the kind of consideration referred to.

In the present case the parties saw fit to express what the consideration was, and thus bring it within her capacity to contract by showing it to have been for money loaned. The consideration named is here a part of the contract itself, and we think that the contract cannot be so varied by parol as to show another consideration. This being so, the evidence on the trial showed no right of recovery, because it showed there was no loan whatever.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.