ALANSON NEWCOMB v. MATILDA D. ANDREWS.

*Husband's liability for work to be done on the wife's sole property.*

Where a husband contracted on his own responsibility for work to be done on his wife's house, and the other party to the contract, knowing it to be hers and that she was consulted and gave directions as to the work, dealt with the husband as sole contractor and not as her agent, he could not recover against the wife for the work.

Error to St. Clair. Submitted July 20. Decided Oct. 8.

ASSUMPSIT. Plaintiff brings error.

*Whipple & Voorheis* for plaintiff in error. A woman is bound by a contract made by her, or in part by her husband as her agent, *Emery v. Lord,* 26 Mich., 431; *Powers v. Russell,* 26 Mich., 179; *Rankin v. West,* 25 Mich., 196.

*Stevens & Thomas* for defendant in error. A woman cannot be proved liable on a contract made between her husband and another person unless by the same proof that would be necessary if she were any other third party, and she must have done such acts as would have made her personally liable as a *feme sole, Druhe v. DeLassus,* 51 Mo., 165; *Porter v. Wilson,* 35 Ind., 348; *Peck v. Brummagim,* 31 Cal., 441; a husband's right to bind his wife by his own contract will not be inferred.

*Miller v. Hollingsworth*, 33 Ia., 224; *West v. Laraway*, 28 Mich., 464; a husband may act as his wife's agent, but must have authority to do so, in order to bind her by his acts, *McLaren v. Hall*, 26 Ia., 297; a wife is not liable to pay for buildings voluntarily put up on her lands, even with her knowledge and acquiescence, unless it appears to have been done on her credit and with her consent and on the understanding that she was the contractor, *Spinning v. Blackburn*, 13 Ohio St., 131; *Wells v. Banister*, 4 Mass., 514; *Washburn v. Sproat*, 16 Mass., 449; *Laure v. Bandow*, 43 Wis., 557.

CAMPBELL, C. J   Newcomb sued Mrs. Andrews for a balance claimed to be due for work done in altering and improving her house.   Upon the trial below the court directed a verdict for defendant.

The only grounds relied on for recovery are that the work was done on defendant's property with her knowledge, and to a greater or less extent with her direction. There was also testimony tending to show that she said it was her money which was expended.

The case of plaintiff depends entirely on his testimony, no one else knowing with whom he dealt.   He shows that before he made any contract he knew that the property belonged to defendant, and that she was consulted fully concerning all the plans, and directed how they should be made or changed.   With this knowledge he made his contract in writing, not with defendant, but with her husband as sole contractor acting in his own name and on his own behalf.   Every payment made, either under the contract or for extra work, was made by him.

There is no testimony whatever that plaintiff ever looked to defendant or supposed he was dealing with her, or that she supposed she was dealing with him. The general direction and oversight which she exercised did not differ in any respect as to the extra work from that relating to the contract.   It was the same from

first to last, in making the plans and seeing to their completion by the workmen. The oversight was precisely what might be expected of any wife in the house of her husband, and the fact that it was her own house does not make any difference if the work was not done on her account and by her procurement as contracting party.

The plaintiff's testimony shows conclusively that the husband was the only person to whom he looked or with whom he dealt as contractor. After the whole work was done, the extras as well as contract work were charged to him, and payments were made by him. There is no proof that he was acting as his wife's agent. No bill was ever presented to her, and no payment was ever asked of her.

It is the not uncommon case of a husband making improvements at his own expense for the benefit of his wife. There is no rule of law requiring a wife, any more than any other person, to assume the responsibility for debts which she never incurred, and which were not incurred on her account. The case is within the principle of *Emery v. Lord*, 26 Mich., 431, and *Willard v. Magoon*, 30 Mich., 273. The latter case is quite analogous on the facts. We do not think it necessary therefore to refer to the numerous authorities elsewhere to the same effect.

Complaint is made of the exclusion of certain testimony in answers to cross-interrogatories. But as the deposition is before us, and the answers had no tendency to show personal liability against defendant, the testimony was not material.

We think the defendant was not liable on the case made by plaintiff, and that the court below was right in directing a verdict for defendant.

Judgment must be affirmed with costs.

The other Justices concurred.