KENTON INSURANCE COMPANY OF KENTUCKY v. JOHANNA , McCLELLAN.

*Affidavit denying execution—Married woman's note—Agency.*

The omission to file an affidavit denying the execution of a note precludes the right to dispute its execution. Circuit Court Rule 79. But it does not waive defendant's right to show want of capacity to execute the note except for a particular consideration.

In Michigan a married woman cannot be personally liable on an existing promise unless it concerns her separate estate; and her note given for any other consideration is void.

A married woman's promissory note cannot be presumed valid, and a binding consideration must always be proved whether the note is negotiable or not, and probably so even if value is expressed.

A married woman's power to contract is only statutory and cannot be extended beyond the constitutional and statutory limits.

The disabilities of coverture prevail against a *bona fide* holder as well as against others.

A married woman cannot give her agent any powers which she does not possess herself, and her agent cannot bind her except as to her separate property. Persons dealing with such agents must inquire into their powers.

Error to Superior Court of Detroit. Submitted April 28. Decided June 9.

ASSUMPSIT. Plaintiff brings error.

*Fraser & Gates* for plaintiff in error. Where the execution of a note has not been denied by affidavit attached to the plea in an action thereon the note cannot be avoided by showing lack of capacity to execute it. *Curran v. Rogers* 35 Mich. 221; *Chic. & N. E. R. R. v. Edson* 41 Mich. 673; *Boughton v. Manchester Water Co.* 3 B. & Ald. 1; *Hall v. Auburn Turnpike Co.* 27 Cal. 255.

*Otto Kirchner* for defendant in error.

CAMPBELL, J. Plaintiff sued defendant, who is a married woman, upon a promissory note made by her and

payable to the order of plaintiff for $290.42, dated September 4, 1877, and payable at nine months.    She defends on the ground that the note was not given on such a consideration as binds her.

A preliminary objection that this defense was waived by failure to file affidavit under Rule 79 has no force. Defendant does not dispute the execution of the note. Her defense is want of capacity to make it, except on a particular consideration.

It has been held uniformly by this court that our statutes do not authorize a married woman to become personally liable on an executory promise except concerning her separate estate.    A note given for any other consideration is void.    *De Vries v. Conklin* 22 Mich. 255; *West v. Laraway* 28 Mich. 464; *Emery v. Lord* 26 Mich. 431; *Ross v. Walker* 31 Mich. 120; *Jenne v. Marble* 37 Mich. 319; *Kitchell v. Mudgetl* 37 Mich. 81; *Carley v. Fox* 38 Mich. 387; *Johnson v. Sutherland* 39 Mich. 579; *Russel v. People's Savings Bank* 39 Mich. 671; *Gantz v. Toles* 40 Mich. 725.

It has also been settled that there is never any presumption of validity of such an undertaking, whether negotiable or not, and that proof must always be given of such a consideration as will bind her.    We think that the rule must apply whether value received is expressed or not, because the power is not general but statutory, and cannot be extended beyond the constitutional and statutory limits.    See *Powers v. Russell* 26 Mich. 179; *Emery v. Lord* 26 Mich. 431; *West v. Laraway* 28 Mich. 464; *Johnson v. Sutherland* 39 Mich. 579.

It was held in the latter case that a *bona fide* holder was no better off than any one else, as against the disability of coverture.    But inasmuch as plaintiff here is the original payee it is not a *bona fide* holder.    *Rickle v. Dow* 39 Mich. 91.

The evidence showed without contradiction that this note was given by defendant to her son, August Kuenzel, to use as security for a debt of a firm of Wright & Kuen-

zel, in which he was a partner.    That he gave it to one Jackson, plaintiff's agent, and took back from him an assignment to defendant from plaintiff of that debt, which had already been executed by plaintiff and was in Jackson's hands.    Defendant never knew of this and never authorized it.

A married woman cannot give to an agent any power which she does not possess herself, and cannot therefore appoint any agents that could bind her except concerning her property.    Persons dealing with them must inquire into their powers.    In the present case there is no evidence tending to show that any such inquiry was made, or that plaintiff or its agent acted in reliance upon any supposed authority, or in ignorance of the facts.    The record is not inconsistent with the possibility that Jackson and the plaintiff made the assignment as a mere sham.    There is no evidence of any bargain for an assignment supposed to have been made on the credit of defendant.    All that appears is a delivery of an assignment which had already been executed, in exchange for defendant's paper.    It does not appear that the bargain was made at this time if it was made at all, and there is no pretense that any earlier bargain or negotiation was made really or ostensibly on defendant's behalf.

When the case was closed, therefore, no cause of action was made out, and the court properly directed a verdict for defendant.

The judgment must be affirmed with costs.

The other Justices concurred.