·JOSEPH BUHLER v. MARY A. JENNINGS.

*Married woman's promissory note—Oral admissions of liability.*

Consideration must be shown to make out a cause of action against a married woman under coverture, when sued upon her promissory note.

Where a married woman is not bound by her promissory note, her oral repetitions of the promise or admissions of liability thereon cannot make her liable.

Error to Wayne.   Submitted Oct. 19.   Decided Jan. 5.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*S. W. Stewart* and *F. H. Culver* for appellant.

*H. M. Campbell* for appellee.

GRAVES, C. J.   The plaintiff sued upon a note of which the following is a copy:
"$206.54.

DETROIT, MICH., October 10, 1876.

Forty days after date I promise to pay to the order of James Craig, two hundred six $\frac{54}{100}$ dollars at the banking office A. Ives & Sons in Detroit, value received with ten per cent. interest after date.

MARY A. JENNINGS.

Endorsed: "James Craig."   Paid November 22, '76, ($40.00), forty dollars."

The execution of the note and the endorsements were admitted and it was also admitted that the maker, the defendant, was a married woman.   The plaintiff then submitted the note in evidence and rested.

It is obvious that no cause of action had now been shown, because no evidence had been adduced of any consideration to sustain a finding against the defendant who was under coverture.   *Kenton Ins. Co. v. McClellan* 43 Mich. 564. She was not content, however, to rest on the plaintiff's failure to make out a case and she proceeded to give testimony

to disprove liability. She gave positive evidence that the debt which the note represented was the sole debt of her husband and that the making of the note was by way of renewal of a prior note given by her husband for his own purpose and which prior note she had signed without consideration.

The record affords no warrant for saying that the present note was given for the purchase of the former one. The evidence excludes such a construction.

The trial judge decided not to receive the oral statements of a justice of the peace as to what the defendant had sworn to on an examination before him as garnishee in another case, until the minutes made of such examination by the justice should be produced. These minutes were then shown and put in evidence, and this was followed up by an offer from the plaintiff to show by the justice that statements on that examination were made by the defendant, and not taken down, which amounted to admissions of an interest in other transactions, and which interest, it was claimed, would, with other facts, lead to an inference that she was interested in the consideration of the note. This offer was also refused.

The case exhibits no ground on which the plaintiff can find fault with these rulings. There is no occasion to multiply reasons against the offer. It is enough now to say that no such inference as suggested could possibly arise from the facts referred to. The evidence subsequently given produced no change to the plaintiff's advantage.

In regard to the consideration and the fact that the note was given to renew the prior one of her husband and without any legal consideration to her, the case was left at the close in the same plight in which her testimony left it. The action being on a promissory note the question was whether there was evidence tending to fix her with liability upon it in view of her general incapacity, and it appeared there was not. If the written promise created no liability on account of her incapacity to make such promissory engagements, it is certain that oral repetitions of the prom-

ise, or oral declarations of the goodness of the note, however numerous, could not induce one.

This disposes of all matters worthy of mention.

The court committed no error in directing a verdict for the defendant, and the judgment is affirmed with costs.

The other Justices concurred.