CHRISTIAN SCHLATTERER v. HELENE NICKODEMUS, IMPLEADED WITH PETER NICKODEMUS.

*Married woman—Joint note—Consideration.*

A married woman is not bound by a promissory note which she signs jointly with her husband for the amount of a judgment that has been rendered against them both, if it only appears that she signed it because he asked her to, and without knowing the use to be made of it. This only makes her a surety for her husband, and does not connect her with the consideration in such a way as to reach her sole property.

In Michigan a married woman can not be held liable upon her note, without connecting her with the consideration, as she has no general power to make notes or other contracts.

Error to Saginaw. (Gage, J.)   Oct. 10.—Oct. 31.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*Sweet & Flanders* and *Wm. A. Clark* for appellant.

*William S. Tennant* for appellees.   A married woman's note for any consideration that does not affect her separate property is void: *Ross v. Walker* 31 Mich. 120 ; *Johnson v. Sutherland* 39 Mich. 580 ; she is not liable on the covenants of her husband's deed: *Carley v. Fox* 38 Mich. 387 ; and see *West v. Laraway* 28 Mich. 466 ; *Harvey v. Galloway* 48 Mich. 533 ; *Benson v. Morgan* 50 Mich. 77.

COOLEY, J.   The action in this case is upon a promissory note signed by Peter Nickodemus and Helene Nickodemus, who are husband and wife, payable to the order of Jacob Nickodemus, and by him endorsed to the plaintiff before maturity.   No defense is made for Peter Nickodemus, but defendant Helene contends that as to her the note is void.

As a married woman in this State has no general power to make promissory notes or other contracts, the plaintiff was under the necessity of making some showing to connect the defendant Helene with the consideration.   This he claims to have done by evidence that the note was given for the amount of a justice's judgment which had previously been rendered against both the makers.   The evidence, however, fails to show that there was ever any agreement by anybody with defendant Helene that the note should be given in settlement of the judgment, or that she was apprised of any such purpose in making it.   Her testimony is that she signed the note with her husband because he requested her to do so, but without knowing the use to be made of it; and there is no other evidence on the subject.   It is plain, therefore, that it is not made to appear that the note was given by defendant Helene with any regard to her sole property, or otherwise than as surety for her husband.   The necessary result is that as to her the note is not shown to be of any validity.   *De Vries v. Conklin* 22 Mich. 255 ; *Kenton Ins. Co. v. McClellan* 43 Mich. 565.

Other questions were made in the case, but as this is conclusive we do not notice them.

The judgment must be affirmed with costs.

The other Justices concurred.