ISKE FECHHEIMER v. ELLA G. PEIRCE, IMPLEADED WITH LE GRAND PEIRCE.

*Married women—Promissory note—Consideration—Husband and wife—Agency.*

1. A married woman in this State can make no obligation except on account of her own property, and any one seeking to hold her must make out an affirmative case.
2. There can be no presumption of a husband's authority to act for his wife, and a person seeking to hold her for acts done by another must show affirmatively full authority to bind her.
3. The signing of a note by a married woman creates no presumption of consideration, but it must be proved.
4. In this case the evidence is held to entirely fail to prove a loan to the appellant, by her understood to be a personal loan, which alone could be a consideration for her personal liability, and that a verdict should have been directed in her favor.

Error to Kent. (Montgomery, J.) Argued May 18, 1888. Decided May 23, 1888.

*Assumpsit.* Defendant Ella G. Peirce brings error. Reversed, without a new trial. The facts are stated in the opinion.

*J. C. Fitz Gerald* (*Francis A. Stace,* of counsel), for appellant.

*Smiley & Earle,* for plaintiff.

CAMPBELL, J. Plaintiff sued defendant, a married woman, on a note for $1,200, purporting to be signed by defendant, and by her husband, Le Grand Peirce, as surety. Defendant claims that she never made the note on her own account, but that it was given for a debt of her husband.

The facts, as claimed by plaintiff, were that one Amberg, plaintiff's agent, was applied to by Le Grand Peirce, defendant's husband, for a loan of $1,200, who offered to give his own note, with his wife as security; that Amberg said he would not do this, but would make a loan to defendant, with her husband as security; that the husband brought the note in question, signed as described, and Amberg gave him a check to defendant's order, which was paid on her indorsement. That is all that plaintiff showed, tending to prove any dealing with defendant.

Her testimony, and that of her husband, showed that she had no knowledge that the loan was on any one's account but her husband's, and that she never authorized him to act on her behalf in borrowing money. The court allowed the jury from the testimony to find that the loan was by her authority and on her account.

We think there was nothing to go to the jury against defendant. It is the law of this State that a married woman can make no obligation except on account of her own property, and that any one seeking to hold her must make out an affirmative case. It is also well settled that there can be no presumption of a husband's authority to act for his wife, and that a person seeking to hold her for acts done by another must show affirmatively full authority to bind her. See *Willard v. Magoon*, 30 Mich. 273; *Newcomb v. Andrews,* 41 Id. 518 (2 N. W. Rep. 672); *Morrison v. Berry,* 42 Id. 389 (4 N. W. Rep. 731); *Holmes v. Bronson,* 43 Id. 562 (6 N. W. Rep. 89); *Kenton Ins. Co. v. McClellan,* Id. 564 (6 N. W. Rep. 88).

One of the principal considerations in fixing the powers of married women was to protect them from being bound by the action of their husbands, as well as by their own unadvised action; and, if any presumption could be allowed against them on the statements or conduct of their husbands, the law would be useless.

In the present case, assuming the facts to be as stated by Mr. Amberg, he was fully advised that Mr. Peirce wanted this money on his own behalf, and not on his wife's. The proposition to make the loan to her was Amberg's own proposition, and for the manifest purpose of evasion. He made no inquiry of her, and no one suggested that she wanted or would want any loan. The signing of a note by a married woman creates no presumption of consideration, but it must be proved. Even a note made by any one else, nominally as principal, but really known to be no more than surety, would not exonerate a party knowing the facts from being held to respect the true relationship. Nothing but dealing directly between Amberg and the defendant for a loan to the latter, understood to be a personal loan, could be any consideration for her personal liability. Here there is an entire absence of testimony to prove such a loan, and the only evidence on the subject is that she was not conscious of any such purpose. The note was made and delivered to Amberg before any money or check was given to any one. The check was delivered to the husband without her authority, and the fact that it was made payable to her order, when thus delivered, was not very significant, and amounted to no proof of a loan to her. In the absence of any proof that there were any understood contract relations between her and plaintiff or Amberg, the jury had no right to draw any presumptions against her. Neither could they disregard her own uncontradicted testimony.

If there had been any testimony in the case showing that she was the real borrower, the case might have been properly left to the jury under suitable charges. But, there being no

such testimony, a verdict should have been directed in her favor.

The judgment as to defendant Ella G. Peirce must be reversed, with costs of both courts. As the case cannot be made available for the plaintiff, there is no occasion for a new trial.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred.