THE THREE RIVERS NATIONAL BANK v. SARAH A. GIL-CHRIST.

| 83 | 253 |
|----|-----|
| 125 | 606 |
| 83 | 253 |
| 128 | 568 |
| 83 | 253 |
| s47NW | 104 |
| 131 | 295 |
| 83 | 253 |
| 142 | 438 |
| 83 | 253 |
| 150 | 266 |

*Husband and wife—Proof of agency.*

The authority of a husband to act for his wife cannot be shown by his declarations, nor will it be presumed from the circumstance that he has acted for her in other matters, but it must be established, like any other fact, by competent evidence; citing *Fechheimer v. Peirce,* 70 Mich. 440.

Error to St. Joseph. (Loveridge, J.) Argued October 31, 1890. Decided November 14, 1890.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*S. M. Constantine,* for appellant, contended as stated in the opinion, citing the authorities therein cited.

*Pealer Bros.,* for plaintiff. Brief is confined to a discussion of the testimony, no authorities being cited.

CAHILL, J. This action was brought on a promissory note of $300, signed by Sarah A. Gilchrist and her husband, J. M. Gilchrist. The note sued on was the last of several renewals of a note for the same amount given originally in August, 1884. The defense on the part of Mrs. Gilchrist is that she was a married woman living

with her husband, and that she signed the note as surety for her husband. The case was tried before the court without a jury, who found that the original note and its renewals were given by Mrs. Gilchrist for her own debt, and that she did not sign the same as surety for her husband. A judgment was entered for the plaintiff. Defendant excepted to the finding that there was no evidence to support it, and that is the only question we have to consider.

A careful examination of the record shows that the plaintiff put in evidence tending to prove that in August, 1884, Mr. Gilchrist went to the plaintiff's bank, and said that he wanted to borrow $300 for Mrs. Gilchrist; that she wanted the money to invest in property; and that she was going to use it in paying for such property. Mrs. Gilchrist did not go personally to the bank at the time the original note was made, nor at any time when it was renewed; Mr. Gilchrist doing all the business. After the notes were made out, Mr. Gilchrist took them to his wife for her signature, and returned them to the bank. Mr. Gilchrist always paid the interest on the notes. None of the officers of the bank saw Mrs. Gilchrist in relation to the loan, or the renewals, until just before this suit was brought, when Mr. Pealer, as attorney for the plaintiff, called on her for the purpose of securing it. He says:

"She raised no question as to its being her obligation or note. I will state that there was nothing said by her about the claim not being hers, or anything of the kind. * * * The question of the original loan did not come up at all. I told her I wanted to get security."

There was evidence also tending to show that Mr. Gilchrist had acted as agent for his wife in building the house in which they lived in the season of 1883, also in borrowing money that went into the house by mortgages

on his wife's land, and that he had acted for her generally in relation to her business. But there was no evidence that her husband had authority to borrow this money for Mrs. Gilchrist, or that he did borrow it for her benefit, except the evidence of the officers of the bank as to what Mr. Gilchrist himself said about it. The authority of Mr. Gilchrist to act for his wife cannot be legally shown by proof of his own declarations on that subject. *Hatch v. Squires*, 11 Mich. 185; *Kornemann v. Monaghan*, 24 Id. 36; *Bond v. Railroad Co.*, 62 Id. 650; *Willard v. Magoon*, 30 Id. 278, 280.

The authority of a husband to act for his wife in the matter of making a loan will not be presumed from the circumstance that he has acted for her in other matters, but must be proved, like any other fact, by competent legal evidence. *Fechheimer v. Peirce*, 70 Mich. 440. The evidence of other transactions in which Mr. Gilchrist acted for his wife had no legal tendency, standing alone, to prove his authority to act in this particular case, and such evidence should have been disregarded. Mr. Gilchrist and his wife both testified that this money was not borrowed for the benefit of the wife, but that it was borrowed by Mr. Gilchrist for his own use; that she signed the note as surety for him. This evidence would not weigh with us in deciding the case, if there were any evidence to the contrary in the record; but, upon the whole case, we feel compelled to say that the judgment must be reversed, and a new trial granted.

The other Justices concurred.