No. 16,983.

## BOWLES v. TRAPP ET AL.

MARRIED WOMAN.—*Contract of Suretyship.*—*Not Bound by Form of.*—*Facts Control.*—A married woman is not bound by the mere form of the contract into which she enters, but the facts must control in determining the question whether the wife or her property is surety for another.

SAME.—*Promissory Note.*—*Surety for Her Husband.*—*Sole Maker of Note.*—*Defense.*—Where a person loaned money on the individual note of the wife, retaining part thereof in payment of the husband's debt, and paying the remainder to the husband, knowing it was loaned to be applied and appropriated by him to his sole use and benefit, and knowing that the words in the note: "For my sole use and benefit only," as well as the form of the contract, did not express the transaction, such facts constitute a complete defense to an action on the note, against the wife, by the payee.

From the Dearborn Circuit Court.

*N. S. Givan*, for appellant.

*G. B. Goodhart* and *J. K. Thompson*, for appellees.

DAILEY, J.—The appellant brought his action in the Dearborn Circuit Court, to recover on a note executed by the appellee Anna Trapp, and to foreclose a mortgage given by the appellees to secure the payment of said note. The appellee, Anna Trapp, alone answered the complaint in three paragraphs, the first being a plea of *non est factum*; the second a plea of coverture, and that she signed the note sued on as surety for her coappellee, Charles P. Trapp, and not otherwise, and the third a general denial. A separate demurrer addressed to the first and second paragraphs of her answer was 'sustained as to the first, and overruled as to the second. By leave of court, Mrs. Trapp amended the first paragraph thereof. To the judgment of the court in overruling the demurrer to the second paragraph, the appellant at the time excepted.

There was a reply to this answer of the appellee Anna Trapp, in two paragraphs, the first a general denial, and the second alleged that the money received on account of said loan by Charles P. Trapp was obtained by him as the agent of the defendant Anna Trapp, for her use and benefit, and by her authority and direction. The case was submitted to the court for trial, and after hearing the evidence, it found for the appellees. The appellant then filed his motion for a new trial, which was overruled by the court, and he excepted. Thereupon the court rendered judgment for the appellees, and from it this appeal is taken. The appellant assigns two errors:

1. The court erred in overruling the demurrer to the second paragraph of the separate answer of Anna Trapp.

2. The court erred in overruling the motion for a new trial.

The decisions of this court affirm the doctrine that a married woman is not bound by the mere form of the contract into which she enters, but the facts must control in determining the question whether the wife or her property is surety for another. *Vogel* v. *Leichner*, 102 Ind. 55; *Nixon* v. *Whitely, etc., Co.*, 120 Ind. 360; *State, ex rel.,* v. *Kennett*, 114 Ind. 160; *Voreis* v. *Nussbaum*, 131 Ind. 267. The contention of appellant's counsel that it is hard to see how the question of suretyship can be raised where there is but one maker of the promissory note sued upon, is quite plausible. But this is no longer an open question. In *Miller, Exr.,* v. *Shields*, 124 Ind. 166 (171), the court made the same query, and BERKSHIRE, J., said: "It is quite difficult to imagine the relation of principal and surety without a principal, and equally so to find a substantial reason on which to rest the presumption that whenever a married woman executes her individual promissory note she oc-

cupies the position of a surety for her husband or some other person. It is true that it may be shown that the individual note of a married woman was given solely for the benefit of the husband, * but when this is claimed by her it must be made to appear affirmatively." It thus appears that the [form of the contract is immaterial to the defense of the wife in this kind of a case, save as it may affect the burden of proof, and require the wife to show that in the execution of the note in suit, she occupied the position of surety for her husband or some other person. It will be observed that the demurrer to the answer of the wife admits that the appellant knew the money was loaned to be applied, and was appropriated by him to the sole use and benefit of the husband, and knew that the words: "For my sole use and benefit only," as well as the form of the supposed contract, did not express the transaction, and parted with his money to the husband, and not the wife, and applied $399 of it in payment of the former's debt. Such facts, if established by evidence, constitute a complete defense to the action under previous decisions of this court. Appellant's learned counsel, in his brief, says the evidence clearly shows that Charles P. Trapp had been acting as his wife's agent in the transaction of business, and invokes the legal maxim: *"Qui facit per alium facit per se.* He who acts through another acts himself, the acts of the agent are the acts of the principal." Black's L. D. 982. It is also a familiar rule of law, that the capacity of a married woman to contract through an agent is now coextensive with her capacity to contract directly. 14 Am. and Eng. Ency. of Law, 620; *Wilder & Co.* v. *Abernethy,* 54 Ala. 644, 646.

In *Hall* v. *Callahan,* 66 Mo. 316 (324), it was said: "She can not make a contract through an agent which

she could not make herself as a contract with reference to her property not separate.''

In this State, so far as she is enabled to contract, she may do so in person or by an agent. *Vail* v. *Meyer,* 71 Ind. 159 (165).

But, as shown, she can make no contract charging her separate estate for a debt, the consideration for which moves solely to another; consequently she can not do so through an agent.

In *Fechheimer* v. *Peirce,* 70 Mich. 440, the rule was stated that courts will not indulge the presumption of a husband's authority to act for the wife, and a person seeking to hold her for acts done by another must show affirmatively full authority to bind her.

It was again said, in *Three Rivers, etc., Bank* v. *Gilchrist,* 83 Mich. 253: ''The authority of a husband to act for his wife in the matter of making a loan will not be presumed from the circumstance that he has acted for her in other matters, but must be proved, like any other fact, by competent legal evidence.''

In *Voreis* v. *Nussbaum, supra,* this court said: ''The fact that the husband did, and the wife did not, receive the consideration for which the note was executed, conclusively establishes the proposition that she was a surety and not the principal in the note, notwithstanding the form of the contract.''

In this case the trial court decided simply the issue of fact joined between the plaintiff and defendants as stated in the appellee Anna Trapp's answer and in appellant's reply.

We have carefully examined the evidence in this case, and while it is in some respects conflicting in its character, yet the testimony of the appellees, if believed by the court, conclusively establishes the facts stated in the answer, and shows that the wife formally made a contract

which she was prohibited to make. Indeed, appellant admits that he paid all the money to the husband, and made no inquiry of either appellee as to the purpose for which it was to be used. In such case, even if the evidence introduced by the appellant proved an agency, it would be entirely insufficient in law, because it is one to borrow money for the use and benefit of the husband, an agency to make a contract void as to her for want of legal power to create it.

Appellant's counsel argues that as the note reads, "for my sole use and benefit," she ought not be permitted to gainsay the representation. It seems, from the evidence in the record, that there was no concealment by the appellees, but the facts in this case were equally well known to all the parties concerned at the time the transaction took place, and, hence, that the doctrine of an estoppel *in pais* can not apply. But there is no plea of estoppel, and what the appellant urges as a bar to appellees' defense, based on the language quoted, is outside the issues, and can not be considered. 1 Works' Pr. & Pl., section 606.

There was evidence tending to support the conclusion reached by the court, and we will not disturb its judgment.

There is no error in the record.

Judgment affirmed.

Filed Oct. 17, 1894.