## HOFFMAN v. GOLDSMITH.

MARRIED WOMEN—CONTRACTS—LIABILITY.

> Plaintiffs furnished certain saloon furniture to defendant's husband, who had leased a store and obtained a license in his own name. The goods were charged to the husband, and statements of the account were made out to him. No evidence was introduced showing that the credit was extended to defendant, or the work done for her. The husband gave his wife a chattel mortgage, and afterwards a bill of sale, of the property in the saloon. They both testified that these were to secure her for money loaned, and that she did not own the saloon and did not order the furniture. The husband testified on another trial that.she was the owner and lessee of the premises. *Held,* that a verdict should have been directed for defendant.

Error to Wayne; Frazer, J. Submitted April 11, 1902. (Docket No. 85.) Decided June 27, 1902.

*Assumpsit* by Charles Hoffman and others, copartners as the Hoffman Manufacturing Company, against Anna Goldsmith, for goods sold and delivered. From a judgment for plaintiffs, defendant brings error. Reversed.

*George C. Green* and *Bacon & Yerkes,* for appellant.

*Henry C. L. Forler* and *M. M. Nesbitt,* for appellees.

MOORE, J. This case was tried before a jury. The defendant requested the judge to direct a verdict in her favor. He declined to do so. The jury rendered a verdict for $92.20. The case is brought here by writ of error.

The defendant is a married woman. During 1897 the plaintiffs were engaged in the business of manufacturing furniture and fixtures for barrooms and other places of business. Valentine Goldsmith is the name of the husband of defendant. The record shows that March 13,

1897, he leased in his own name No. 37 Cadillac Square, for two years. About April 1st he took out a saloon license in his own name. During the month of April the plaintiffs furnished to him furniture and fixtures for the saloon amounting to $193.20. These items were charged to Valentine Goldsmith on the books of the company, and at least three statements of account were made out to him, headed: "V. Goldsmith, in Account with the Hoffman Manufacturing Company. 1897, April 6. To Mdse., $58.50." And then followed other items. Payments were made from time to time, but a balance was left unpaid.

This suit was commenced in June, 1901. About six months before the commencement of the suit, the records in the city hall were examined by direction of the plaintiffs, and they decided to bring suit against the defendant. In trying to make their case, Mr. Krause, a member of the firm, was sworn. He was not present when the order for the work was given, and there is nothing in his testimony from which it can be fairly inferred that the credit was extended to Mrs. Goldsmith, or that the work was done for her. The fair inference from the testimony is that the work was done for Mr. Goldsmith, and the credit extended to him. A clerk from the office of the city clerk was sworn, by whom it was shown that a chattel mortgage and bill of sale were given. On April 12, 1897, Mr. Goldsmith gave to his wife a chattel mortgage for $600 on the property in the saloon. Mr. Goldsmith and his wife testified it was for borrowed money; and later, when Mr. Goldsmith became the proprietor of the hotel, he gave his wife a bill of sale of the property contained therein, including that in the saloon, for $1,500, which they both testify was to secure her for the $600 and an additional $900 which she loaned him. The testimony of both Mr. and Mrs. Goldsmith was that she was not the owner and had nothing to do with the management of the saloon, and that she never ordered the articles for which the suit was brought, or authorized any one else to do so. Plaintiffs were allowed to show that, in a suit brought in jus-

tice's court in 1901 by Mrs. Goldsmith, Mr. Goldsmith swore she was owner and lessee of the premises.

After a careful reading of the record, we are satisfied there was no evidence showing any liability on the part of Mrs. Goldsmith, and that, under the rule laid down in the following cases, a verdict ought to have been directed for defendant: *West* v. *Laraway*, 28 Mich. 464; *Russel* v. *Bank*, 39 Mich. 671 (33 Am. Rep. 444); *Kenton Ins. Co.* v. *McClellan*, 43 Mich. 564 (6 N. W. 88); *Fechheimer* v. *Peirce*, 70 Mich. 442 (38 N. W. 325); *Three Rivers Nat. Bank* v. *Gilchrist*, 83 Mich. 253 (47 N. W. 104); *Artman* v. *Ferguson*, 73 Mich. 146 (40 N. W. 907, 2 L. R. A. 343, 16 Am. St. Rep. 572); *Chamberlain* v. *Murrin*, 92 Mich. 361 (52 N. W. 640); *Fisk* v. *Mills*, 104 Mich. 433 (62 N. W. 559).

Judgment is reversed, and new trial ordered.

HOOKER, C. J., and MONTGOMERY, J., concurred. LONG and GRANT, JJ., did not sit.