JUDD v. JUDD.

1. MARRIED WOMEN—BILLS AND NOTES—PRIMA FACIE CASE—CONSIDERATION—BURDEN OF PROOF.

In an action by an administrator on a promissory note executed by a married woman, plaintiff did not make out a *prima facie* case by introducing the note, proving the signature, and showing the amount due thereon; plaintiff has the burden of proving that the consideration of the note passed to defendant.

2. SAME.

In so far as *Bank* v. *Miller*, 131 Mich. 564, is inconsistent with the rule laid down in *Fechheimer* v. *Pierce*, 70 Mich. 440, it is overruled.

3. WITNESSES — TESTIMONY AS TO MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—WAIVER.

By calling defendant under Act No. 307, Pub. Acts 1909, for cross-examination as to the transaction between herself and deceased, plaintiff administrator waived the benefit of Act No. 30, Pub. Acts 1903, prohibiting the opposite party testifying as to matters equally within knowledge of deceased.

Error to Kent; Perkins, J. Submitted October 16, 1914. (Docket No. 122.) Decided September 28, 1915.

Assumpsit by Edwin E. Judd, administrator *de bonis non* of the estate of George E. Judd, deceased, against Peternella Judd to recover the amount due on a promissory note. Judgment for defendant. Plaintiff brings error. Affirmed.

*Fred P. Geib* and *Richard C. Goodspeed*, for appellant.

*Dunham & Dunham*, for appellee.

BIRD, J. Plaintiff sued defendant in assumpsit to recover the amount due on a $1,000 note, dated Feb-

ruary 2, 1897, and payable 10 years thereafter. Defendant pleaded the general issue and gave notice of set-off. Subsequently several amendments were made to the plea and notice, but the final one was an affidavit denying that the defendant knowingly executed the note. The matter came on for trial before a jury, and plaintiff produced the note, gave evidence that the signature was the plaintiff's and showed the amount due upon the note. Plaintiff's proofs disclosed that the defendant was a married woman when the note was executed. Plaintiff then rested, claiming that he had made a *prima facie* case, which entitled him to recover. This was disputed, and a directed verdict was requested by the defendant. It was insisted by the defendant that the plaintiff must go further, and show that the consideration for the note had connection with her separate property. There being some doubt in the minds of the court and counsel as to the true rule, it was agreed that the jury might be discharged and the case tried before the court. Successive adjournments of the case then followed, which permitted counsel to examine the law and introduce testimony. When the testimony was finally concluded, the trial court was requested to direct a verdict for plaintiff on the *prima facie* case he had originally made. This was refused. The court found for the defendant, on the ground that no consideration passed to her for the giving of the note. Findings of fact and law were found by the court and filed.

1. The first and principal question to be considered is whether plaintiff made a *prima facie* case by her proofs. The rule was very clearly laid down by Mr. Justice CAMPBELL in *Fechheimer* v. *Pierce*, 70 Mich. 440 (38 N. W. 325). In that case a married woman was sued on her promissory note for $1,200 which was indorsed by her husband. It appeared that the plaintiff knew the consideration was to pass to the husband. In hold-

ing that no ease was made for the jury, among other things, it was said:

"We think there was nothing to go to the jury against defendant. It is the law of this State that a married woman can make no obligation except on account of her own property, and that any one seeking to hold her must make out an affirmative case."

It was further said in the opinion:

"The signing of a note by a married woman creates no presumption of consideration, but it must be proved."

This rule was approved in *Fisk* v. *Mills,* 104 Mich. 433 (62 N. W. 559), where Mr. Justice MONTGOMERY observed that:

"The fact appearing that defendant was a married woman, the burden rested upon the plaintiff of showing that the consideration of the note passed to her."

These holdings are in harmony with all the former holdings of the court on the question, and they were followed by the later decisions up to the time the case of *National Lumberman's Bank* v. *Miller,* 131 Mich. 564 (91 N. W. 1024, 100 Am. St. Rep. 623), was decided. The same question arose in that case and it was there said:

"Plaintiff made its *prima facie* case by introducing the note in evidence. Defendants thereupon moved the court to direct a verdict for the defendants on the ground that the plea and notice showed that the defendants were husband and wife, and the duty rested upon the plaintiff to prove such a consideration as would bind her. Upon its face the note was hers, and it imported a consideration paid to her. It was indorsed by her husband. There was no presumption against the legality of such a note. The burden rested upon the defendant to prove facts which would relieve her from liability."

This language appears to reverse the former rule, which had been followed up to that time. While the

opinion appears to be a unanimous one, there are several reasons which indicate that it was not the deliberate purpose of the court to reverse the rule. They are:

(*a*) A married woman's contract, except with reference to her separate property, is void, and not voidable. This undoubtedly furnishes the reason for the rule which places the burden on one who seeks to bind her to show that the transaction is one that is within the scope of her powers to contract.

(*b*) Had it been the intention of the court in the *Bank Case* to reverse this well known and understood rule, some reference doubtless would have been made to it by the writer of the opinion, and the former cases referred to and discussed.

(*c*) Since the *Bank Case* was written, the old rule has been followed, and *Fechheimer* v. *Pierce* approved. In the late case of *Detroit Lumber Co.* v. *Cleff*, 164 Mich. 276 (128 N. W. 231), the plaintiff in the trial court recovered a judgment by direction of the court. The defendant introduced no testimony. This court reversed it, and held that the case made by the plaintiff did not warrant the direction of a verdict by the court in its favor, because it had failed to connect the consideration with the separate property of the defendant.

Our conclusion is that, in so far as the case of *Bank* v. *Miller* is inconsistent with the rule laid down in *Fechheimer* v. *Pierce*, it must be overruled.

2. Did plaintiff waive the statute? Plaintiff called defendant for cross-examination under the statute of 1909, and went into the facts surrounding the giving of the note. Her counsel then developed the facts upon which the court principally bases his finding that the note was without consideration. Counsel claims this was error; that his examination did not proceed far enough to justify the examination made by the defend-

ant. In view of counsel's several positions, this question does not appear to be very important. His first claim is that he was entitled to a directed verdict at the first session of the case. That claim is disposed of herein adversely to his contention, on the ground that he had failed to make a *prima facie* case. Now, if we should agree with him in his second contention, that by his examination he had not waived the statute, and that therefore the testimony developed by defendant's counsel was inadmissible, the record would then contain no explanation of the consideration of the note, nor would it show any connection between it and her separate property, and plaintiff would still be without a *prima facie* case. It would seem unnecessary to go further, but possibly, in view of the somewhat peculiar way in which the matter was proceeded with, it is but fair to say that we have examined the testimony of defendant which plaintiff developed, and we are satisfied that he thereby waived the inhibition of the statute. We are further persuaded from all the testimony that there was proof to justify the finding of the trial court that there was no consideration passed to defendant for the execution of the note.

The judgment of the trial court will be affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.