ARMSTRONG *v.* BACKUS.

HUSBAND AND WIFE—AGENCY—LIABILITY—QUESTION FOR JURY.
    A wife is not liable for debts contracted by the husband
    for the repair of her automobile in the absence of an
    affirmative showing that she authorized the husband to
    contract on her account.[1]

Error to Wayne; Mayne, J., presiding. Submitted April 5, 1917. (Docket No. 54.) Decided June 1, 1917.

Assumpsit in justice's court by George Armstrong, doing business as the Cass Avenue Electric Garage, against Ada T. Backus for services rendered. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Albert McClatchey,* for appellant.

*McPherson, Dunn & Mann* (*Raymond D. Cooper,* of counsel), for appellee.

KUHN, C. J. The plaintiff operated a garage on Cass avenue in the city of Detroit, and specialized in the storage for hire and general care of electric automobiles. The defendant, a married woman, was the owner of an electric automobile which had been presented to her by her husband as a birthday gift. This car was first brought to the garage by the defendant some time in 1915. From that time on every item of expense for the upkeep, repair, storage, and care connected with the maintenance of said car was contracted for by the defendant's husband, Henry N. Backus,

[1] On proof of husband's agency for wife by evidence of similar acts by husband, see note in 17 L. R. A. (N. S.) 223.

on his own account. The plaintiff testified that he thought the car belonged to Mr. Backus, and charged everything he did with reference to the car to him, and rendered every bill for the two years that the car was in his garage to him, including the bill in dispute in this case. This controversy arose over a secondhand battery furnished by the plaintiff which it is the claim of Mr. Backus proved unsatisfactory, and he refused to pay for it. The plaintiff commenced suit against Mr. Backus and garnished the Cass Avenue garage, which he had sold, for the purpose of tying up the car. When the disclosure was filed showing that the car belonged to Mrs. Backus, the plaintiff discontinued the suit against Mr. Backus and commenced the present litigation. After the plaintiff rested his case, a motion was made by the defendant's counsel for a directed verdict for the reason that there was no evidence of any kind or nature to connect the defendant with the bill here involved. The trial judge submitted the case to the jury on the theory that they might be warranted, under all the circumstances of the case, in finding that Mr. Backus had been acting as agent for his wife in the transaction. The jury found for the plaintiff, and the sole question here presented is whether or not, under the undisputed evidence, the trial court should have directed a verdict for the defendant.

The defendant testified that she never contracted with the plaintiff nor authorized any person to contract on her account, which testimony seems to be uncontradicted. It conclusively appears from the plaintiff's testimony that he dealt entirely with Mr. Backus. Supposing that it was his car, he charged the account to him, and subsequently started suit against him to collect the claim. It seems to be the well-settled law in this State that the wife is not liable for bills contracted by her husband for repairs and improvements

to her property, unless it is affirmatively shown that the wife authorized the husband to contract on her account. The law is thus stated in *Fechheimer* v. *Peirce,* 70 Mich. 440 (38 N. W. 325), by Justice CAMP-BELL:

"We think there was nothing to go to the jury against defendant. It is the law of this State that a married woman can make no obligation except on account of her own property, and that any one seeking to hold her must make out an affirmative case. It is also well settled that there can be no presumption of a husband's authority to act for his wife, and that a person seeking to hold her for acts done by another must show affirmatively full authority to bind her. See *Willard* v. *Magoon,* 30 Mich. 273; *Newcomb* v. *Andrews,* 41 Mich. 518 (2 N. W. 672); *Morrison* v. *Berry,* 42 Mich. 389 (4 N. W. 731, 36 Am. Rep. 446); *Holmes* v. *Bronson,* 43 Mich. 562 (6 N. W. 89); *Kenton Ins. Co.* v. *McClellan,* 43 Mich. 564 (6 N. W. 88). * * *

"In the absence of any proof that there were any understood contract relations between her and plaintiff or Amberg, the jury had no right to draw any presumptions against her. Neither could they disregard her own uncontradicted testimony."

See, also, *Gero* v. *Abbott,* 157 Mich. 573 (122 N. W. 307). In this case Justice OSTRANDER, writing the majority opinion, said:

"It seems to me that the testimony, all of which appears in the bill of exceptions, tends to establish one fact, which is that defendant's husband purchased from the plaintiff an automobile in his own behalf upon his own credit. There was no testimony tending to prove that in purchasing the automobile he was acting as agent for his wife. The fact that he told the vendor he proposed to give the automobile to his wife as a present has no probative force in establishing agency. The fact that at the request of the husband a statement was made on a billhead used by plaintiff, reading, 'Mrs. S. G. Abbott * * * to Benjamin Gero, Dr.,' etc., is not significant of agency, in

view of the further fact that the bill was receipted by the plaintiff. The fact that the wife, to the vendor's knowledge, knew of the transaction, is, in view of other testimony, conclusive of the other fact that plaintiff sold the machine to the husband, and not to the wife, and not to the husband for the wife."

It is our conclusion that the trial judge erred in submitting the question to the jury under the facts of this case.

The judgment is reversed, and no new trial granted, with costs to the appellant.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.