BURGE *v.* PICKEL.

1. MARRIED WOMEN—BILLS AND NOTES—VALIDITY—PAYMENT—EVIDENCE—ADMISSIBILITY.

> A note given by a married woman and a grocery firm to a bank, the proceeds of which went to said firm to pay for groceries which the wife had charged to her husband, and for which he had given her the money to pay, cannot be said to be void, as a matter of law, and therefore inadmissible in evidence, in an action by said grocery firm against the husband for the amount of said groceries, the wife having failed to pay the note at its maturity.

2. SAME—PAYMENT—TRIAL—INSTRUCTIONS.

> The trial judge properly instructed the jury that said note was not void but voidable at the option of the wife, and that if they found said note was given and received for the purpose of paying the grocery bill sued on they might find a verdict in favor of defendant.

Error to Van Buren; DesVoignes (L. Burget), J. Submitted October 12, 1920. (Docket No. 75.) Decided December 21, 1920.

Assumpsit in justice's court by John E. Burge and others, copartners as Burge & Burge, against John A. Pickel for goods sold and delivered. There was judgment for defendant, and plaintiffs appealed to the circuit court. Judgment for defendant. Plaintiffs bring error. Affirmed.

*Chandler & Bessey*, for appellants.

*Thomas J. Cavanaugh* and *Frederick C. Cogshall*, for appellee.

MOORE, C. J. This cause was commenced in justice's court where defendant had judgment. Plaintiffs appealed. Judgment was again in favor of the defendant. The case is brought here by writ of error. The plaintiffs are retail grocers. The defendant was superintendent of a manufacturing plant employing upwards of a hundred men. The wife of the defendant bought most of the groceries used in the household from the plaintiffs. The accounts of each customer were kept in a small book. The defendant furnished his wife money with which to pay the grocery account; she did not always use it that way. September 8, 1916, she and the plaintiffs signed a note for $100 which was discounted at a local bank and the grocery account was then regarded as settled. A payment of $25 was made on this note, and it was renewed for $75 on March 8, 1917. Ten dollars was paid on this note, leaving $65 unpaid.

On April 22, 1918, the grocery bill, including the $65 unpaid on the note in the bank, amounted to $165. On that date a note for $165 was made by Mrs. Pickel and the plaintiffs, payable to the order of the Citizens'

State Bank, due October 22, 1918. Mr. John E. Burge testified "that note was given to satisfy the account of Mr. Pickel." The bookkeeper, who was also a member of the firm, testified, "It was in settlement of that account that Mrs. Pickel gave that note." On the cross-examination she said:

"At the time Burge & Burge either got credit for the $165 or the money. But of course we had to pay it afterwards. Either the bank credited Burge & Burge's account $165, or else Mrs. Pickel paid it to Burge & Burge, one way or the other."

The note was taken to the Citizens' State Bank and the cashier's testimony as to what happened is in part as follows:

"The amount of the note of April 22d, 1918, was $165. The note, dated September 21st, 1917, was signed by W. C. Burge, by Mrs. Mary Pickel and W. C. Burge. The note of April 22d, 1918, was signed by Mrs. Mary Pickel and Burge & Burge. Exhibit A is the note signed under date of April 22d, 1918, by Mrs. John Pickel and Burge & Burge, for $165. The last note was paid by Burge & Burge on December 23, 1918; $65 of the amount of Exhibit A was used to pay the preceding note; $100 was paid in currency to Mrs. Pickel. I handled the transaction myself."

The plaintiffs were unable to remember whether Mrs. Pickel brought them the $65 note and the money or whether the note was surrendered to them by the bank, and their bank account credited with the $100.

The defendant had no knowledge of the giving of these notes until the summons in this case was served upon him. Differences arose between Mr. and Mrs. Pickel and they permanently separated from each other in July, 1918. At that time Mr. Pickel and his wife drove in an automobile to the store of the plaintiffs for the purpose of settling the grocery account up to that date. Mr. Pickel furnished his wife with money and she entered the store and returned to him

soon thereafter with a statement of account showing there was due plaintiffs $98.32, and the statement was marked paid July 15, 1918. From that time until this suit was brought no claim was made to the defendant personally that he was indebted to the plaintiffs in any sum. The note was not paid when it became due. On December 14th, thereafter, this suit was begun to recover the amount due for the groceries as though the note had not been given. At this time the note was owned by and in the possession of the bank. Plaintiffs paid the bank the amount of the note on December 23d, and it was delivered to them, and there is nothing in this record to show that they are not now in the possession of it.

At the close of all the testimony both parties asked for a directed verdict. The trial judge declined to do this and charged the jury at very considerable length reciting the facts as claimed by the parties, and mentioning that the payee named in the note was the bank and that the note was not sued upon and that Mrs. Pickel was not before the court. He told the jury in substance that the note was not void but voidable at the option of Mrs. Pickel, and that if they found it was given and received for the purpose of paying the grocery bill they might find a verdict in favor of the defendant. This the jury did.

There are many assignments of error, but the appellants say in the concluding part of their brief:

"In closing we have little to add. The issue is disposed of by the first assignment of error and the discussion in relation thereto, together with the cases cited. We did not deem it prudent to overlook the other assignments, but after all it seems that a discussion of each assignment thereafter is but a reiteration of that which has already been said in this brief."

The decisive question is raised by the first assignment. We again quote from the brief:

"Exhibit A is a note signed by Mrs. John Pickel, the defendant's wife, and the plaintiffs in the action and negotiated at the Citizens' State Bank of South Haven. This note was given to pay the defendant husband's debt. No dispute arises of record concerning the purpose of the wife in giving the note in question. The record concedes that it was given to pay the defendant's then existing grocery bill of $165.

"If this note was a valid and subsisting obligation against the wife and enforceable against her, it was admissible and no error was committed by admitting it. On the other hand, if it was void it was inadmissible. It was void."

Counsel cite many Michigan cases, commencing with *DeVries* v. *Conklin*, 22 Mich. 259, and ending with *Detroit Chamber of Commerce* v. *Goodman*, 110 Mich. 503, 504 (35 L. R. A. 96). They also cite *Chaffee* v. *Thomas*, 7 Cow. (N. Y.) 358.

The trouble with this contention is that it ignores the fact that the payee in the note was not the plaintiff firm, but was the bank who discounted it soon after it was made and long before it was due, and if the testimony of the cashier of the bank is believed, and his testimony is not disputed by any witness, the bank surrendered for this note a note upon which there was unpaid the sum of $65, which was signed not only by Mrs. Pickel but by John E. Burge, and gave to Mrs. Pickel $100 in money.

Under all the authorities, in view of the testimony disclosed by this record, the note can not be said to be void, as a matter of law. See *DeVries* v. *Conklin*, supra; *Emery* v. *Lord*, 26 Mich. 431; *In re De-Spelder's Estate*, 181 Mich. at p. 160, and authorities there cited.

Judgment is affirmed, with costs.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.