MARY J. STEWART, EXECUTRIX v. THOMAS B. SHAW AND EDWARD FITZGERALD.

*Promissory note—Consideration—Side-bar remarks.*

Suit by an executor on a promissory note given to the testator. In reply to a question in the opening of the case, plaintiff's counsel made the side-bar remark that he had an idea the note was given for a previous note given by the maker and found among the testator's papers. *Held,* that this remark did not open the case to evidence by the defendant that he paid the previous note, on a claim that such evidence would disprove consideration for the note sued on.

It came out on the trial that at some time near the date of the note in suit the testator sent his son to a bank with the maker to obtain for the latter a sum of money, but that they did not go. *Held,* that this fact did not warrant a presumption that the note in suit was without consideration.[1]

Error to St. Clair. (Stevens, J.) Jan. 8—Jan. 14.

ASSUMPSIT. Defendants bring error. Affirmed.

---

[1] The headnote in this case is by the Chief Justice.

*Stevensons & Phillips* for appellants.

*Chadwick & Cline* for appellee.

COOLEY, C. J. Plaintiff sued in justice's court upon a promissory note for forty-four dollars, purporting to have been made by defendant Thomas B. Shaw, March 9, 1880, payable ninety days after date to the order of William Stewart the plaintiff's testator, and endorsed by the defendant Edward Fitzgerald. The plaintiff had judgment in the justice's court, and the defendants appealed.

The execution of the note by Shaw was not denied, and the endorsement by Fitzgerald was proved. The plaintiff proved by W. E. Stewart, a son of the testator, that the note was found in his father's box of papers after his death. On cross-examination it appeared that another note for forty dollars, signed by defendant Shaw and endorsed by the testator, and bearing date March 29, 1879, was found in the same box. Defendants then offered evidence that this forty-dollar note which was payable at a bank, was paid there by the maker, the testator not being present at the time. This was objected to as irrelevant, and counsel for defendant to show its relevancy, stated that plaintiff's counsel in opening the case to the jury had stated that he claimed that the note in suit was given to take up the forty-dollar note. The trial judge had not heard this remark, and he inquired of plaintiff's counsel if he made it. The reply was: "Mr. Stevenson asked me what my theory was as to what the note sued on was given for. I did not state it as a fact; I merely stated we found the two notes, and we presumed one note was given to take up the other." The court thereupon excluded the proposed evidence.

The ruling was correct. The remark was a mere side-bar remark, and no part of the plaintiff's opening. The plaintiff was not called upon to prove a consideration for the note in suit: it proved itself; and the evidence that there had been a previous note which had been taken up had no tendency to prove that the note in suit was connected with it, in consideration or origin. The surmise of counsel that such was the

fact might or might not be well based: it certainly was no proof of the fact.

The defendant further proved by the son of the testator that at one time at or near the date of the note in suit he was told by his father to go with defendant Shaw to a bank in town and procure a sum of money, the amount of which he did not recollect, for Shaw, and that they started, but did not go to the bank and did not get the money. Evidence was then offered of Shaw himself that this was on the day the note in suit was given ; but this was ruled out as inadmissible, because it related to a matter that must have been equally within the knowledge of the testator. The defendants then claimed to go to the jury on 'the question whether Shaw had ever received consideration for the note in suit, but the court ruled against them.

There was no error in these rulings. Shaw was not a competent witness to disprove the consideration of a note given by him to the testator : *Downey v. Andrus* 43 Mich. 65, and cases cited ; *Eccard v. Brush* 48 Mich. 3 ; and no competent evidence was given or offered which connected the money which was to have been obtained at the bank with this note.

The judgment must be affirmed.

The other Justices concurred.