### JACOB BUCK *et al.* v. JACOB UPLINGER *et al.*
#### No. 15,777.   (99 Pac. 1134.)

Error from Cheyenne district court; ABEL C. T. GEIGER, judge.   Opinion filed January 12, 1909.   Affirmed.

*W. S. Morlan,* and *E. M. Phillips,* for plaintiffs in error.

*J. L. Finley,* and *Mahin & Mahin,* for defendants in error.

*Per Curiam:* The main question is whether the court erred in finding that the deed from Buck to Uplinger of January 7, 1893, did not convey the ditch and the water-rights. Ordinarily these rights would pass with a warranty deed as appurtenant to the land, but the court finds that such was not the intention of the parties.   On every question raised plaintiffs are concluded by the findings of fact.   Plaintiffs filed no request for additional findings or motion to modify those made, but rested with an objection to each finding as not sustained by sufficient evidence.   Every finding is supported by evidence, and, under the authority of *Shuler v. Lashhorn,* 67 Kan. 694, 74 Pac. 264, the judgment is affirmed.

---

### C. F. HARDER v. A. H. WEBB *et al.*
#### No. 15,562.   (99 Pac. 1134.)

Error from Woodson district court; OSCAR FOUST, judge.   Opinion filed February 6, 1909.   Affirmed.

*S. C. Holmes,* for plaintiff in error.

*G. H. Lamb,* and *W. E. Hogueland,* for defendants in error.

*Per Curiam:* The witness claimed to be incompetent was an active agent in the transaction and her testimony was admissible. The answer admitted to be due, and the court awarded to the plaintiff, all the money he claimed.   Why the judgment should be reversed and the case sent back to have a jury assess the amount is incomprehensible.   The answer made an equity case for specific performance.   The court had the right to take the advice of a jury if it so desired, and to make additional findings.   Not a single error assigned to instructions could possibly affect the few simple findings made by the jury.   On all the findings the court rendered a just and equitable judgment, which is affirmed.