No. 25,442.

JOHN F. DRAKE, *Appellee,* v. EDITH E. SECK, as Administratrix of the Estate of BERTHOLD J. SECK, Deceased, *Appellant.*

SYLLABUS BY THE COURT.

PROMISSORY NOTES—*Evidence Showed No Defense—Verdict Properly Directed for Plaintiff.* The proceedings in a suit on promissory notes considered, and *held,* the court properly directed a verdict for plaintiff as against defenses of nonexecution and want of consideration.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed October 11, 1924. Affirmed.

*J. W. Parker,* and *G. A. Roberds,* both of Olathe, and *James M. Houston,* of Kansas City, Mo., for the appellant.

*W. S. Hogsett, Murat Boyle, Jas. H. Harkless,* and *Clifford Histed,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one against the administratrix of the estate of Berthold J. Seck, to recover on two promissory notes executed by Seck in his lifetime. The court directed a verdict for plaintiff, and defendant appeals.

Execution of the notes was formally denied under oath. Drake testified his wife wrote the notes. The testimony was admissible because it involved nothing which Drake did or which Seck did in any transaction between them. However, Mrs. Drake testified she wrote the notes. The fact was not disputed, so Drake's testimony was inconsequential.

Mrs. Drake testified she saw Seck sign the notes. Her testimony regarding some collateral details was disputed, and may be ignored. Seck's banker for ten years identified his signatures, and contest of genuineness of the signatures ended. Mrs. Seck did not see fit to support her verified answer by producing genuine signatures for comparison, or by testimony, and it is not now contended that Seck did not in fact sign the notes.

A second defense was want of consideration. The administratrix testified, over objection, as follows:

"That upon being appointed administratrix she took possession of the property and papers of her deceased husband; that as such administratrix she was familiar with the assets of her said husband's estate at the time of his death; that she took possession of deceased's bank book and bank account and examined his accounts and his business, and that she did not find where he had received any money or consideration, or any evidence of his having received any consideration for the notes sued on; that she knew no consideration was received by her husband for said notes; that she was in a position at the time that she would have known if her husband had received any consideration for the notes sued on, and that she didn't know of her husband receiving any consideration therefor."

The witness also offered to testify that she knew the source from which the property coming to her possession as administratrix was derived, and none of it which deceased owned subsequent to the date of the note came as consideration for execution of. the notes. The offer was refused. What probative force did the testimony offered and admitted have?

The statement that the administratrix was in a position to know and knew there was no consideration for the notes, was mere opinion and conclusion of the witness. It arbitrarily leaped over facts warranting the conclusion, and dictated to the jury what it should find. When the court was called on to determine whether there was any evidence to go to the jury, it was obliged to disregard the statement, because it would have been obliged to set aside a verdict based on the statement. The evidence therefore reduced to this: The administratrix, being in possession of decedent's books, papers, and property, discovered nothing for which the notes might have been given. But there were the notes, importing a consideration (R. S. 16-107), deemed *prima facie* to have been executed for a valuable consideration (R. S. 52-301), and containing the maker's written declaration that they were given for value received.

Want of consideration is not a mere burden-shifter, but is an affirmative defense (R. S. 16-108), which must be established by a preponderance of the evidence in order to defeat recovery. (*Fuller v. Scott*, 8 Kan. 25.) The presumption of consideration is not a presumption of law; it is a presumption of fact. It extends to any fact which, under the situation and circumstances of the parties, might reasonably supply a consideration, and it cannot be over-

thrown except by proof of facts warranting the inference of no consideration of any kind. Consideration may arise in various ways, and proof of absence of one kind does not necessarily disprove presence of another kind. The fact that the deceased had no property which might have been purchased by the notes was no proof he did not receive cash. The fact that his bank books showed no deposit of money and that his accounts showed no payment of debts contemporaneously with execution of the notes, was no proof that the notes were not given in renewal of other maturing notes. The notes may have been given to discharge the maker's obligation as surety, or endorser for another, in which event his books, papers and estate would not reveal consideration moving to him. There was testimony that the notes were in fact given to take the place of other notes of the decedent which were surrendered to him. Ignoring the testimony, such a transaction was embraced within the presumption, and the evidence offered and introduced was wholly insufficient to affect weight of the presumption.

Usually the defense of no consideration is interposed in respect to the benefit or burden of a transaction the details of which may be placed in evidence. In the course of the trial one of the defendant's attorneys remarked that they rested under a great handicap because the maker of the notes was dead. The payee's mouth was closed as tightly as if he were dead, and he was not permitted to disclose the circumstances under which Seck stated, while alive, in the notes themselves, that there was consideration for them.

Claims which are to be paid out of general assets of an estate must be presented for allowance to the probate court having possession of the estate. Such claims, however, need not be presented to the probate court in the first instance. They may be established by judgment in any court of competent jurisdiction, with certain restrictions relating to award of costs. In that event, the judgment is presented for allowance against and satisfaction out of the estate. If the claim be presented directly to the probate court, an appeal lies to the district court from the order of the probate court allowing or disallowing the claim. The appeal takes the whole controversy out of the probate court, and places it before the district court for determination *de novo,* precisely as if suit had been commenced there originally. If an appeal by the claimant from an adverse order of the probate court be dismissed without prejudice by the district court, as

occurred in this instance, the claimant may proceed to establish his demand by action in the district court. (*Darnell v. Haines*, 110 Kan. 363, 203 Pac. 712.) These observations are made in response to an argument tendered by defendant's nonresident attorney, who seems not to be familiar with the practice in this state.

The judgment of the district court is affirmed.