## CITIZENS NATIONAL BANK OF POCOMOKE CITY, EXECUTOR, *v.* BERTHA D. CUSTIS.

[No. 53, January Term, 1928.]

*Decided April 13th, 1928.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James M. Crockett* and *L. Paul Ewell,* with whom were *Crockett & Crockett* on the brief, for the appellant.

*Joshua W. Miles,* with whom were *Miles & Myers* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

On a former appeal in this case (153 Md. 235), we considered questions other than those which arise on the record now presented. The issues on the second trial were whether

the negotiable instrument sued on was actually signed by the alleged maker and, if so, whether it was intended as a promised gift or was executed for a valuable consideration. The two exceptions in the record are concerned with evidence and prayers relating to those issues. A verdict was rendered by the jury in favor of the plaintiff for $10,000, the sum mentioned in the sealed note on which the suit was brought, and from the judgment entered on the verdict an appeal has been taken by the defendant, as executor of the will of John T. M. Sturgis, the person by whom the instrument is alleged to have been signed.

It was held on the first appeal that by virtue of the Negotiable Instruments Act (Code, art. 13, sec. 25), the instrument in suit is a negotiable promissory note although it bears a seal. Because of its negotiable character under the act we said: "By the express terms of this statute, the note now before the court is deemed *prima facie* to have been issued for a valuable consideration, and the maker to have become a party to the note for value, but absence or total or partial failure of consideration is a matter of defense as between the parties or as to any person not a holder in due course. (Code, art. 13, sec. 43.)"

At the retrial, for which the case was remanded, the plaintiff, in the presentation of her case in chief, did not rely solely upon the presumption of a consideration for the note, but offered evidence to prove that it was given as compensation for services. The first exception was reserved because of the court's refusal to strike out the testimony produced by the plaintiff, subject to exception, on that issue. By one of the defendant's prayers, to which the second exception refers, it was proposed that the case be withdrawn from the jury on the theory that the absence of any valid consideration for the note was shown by the undisputed evidence. The note recited that it was for "value received." Seven witnesses testified to their personal observations, or to declarations of Mr. Sturgis, the alleged maker of the note, in regard to services rendered for him by Mrs. Custis, the plaintiff, during a long period of time. Because of his infirmities, Mr. Sturgis ap-

pears to have required such assistance as that which is said to have been furnished by Mrs. Custis, who lived with her husband in an adjacent home. As described generally by the witnesses, her services to Mr. Sturgis consisted in waiting on him and attending to his comfort. It was testified that she was washing his feet, when Mrs. Powell, one of the witnesses, called, and Mr. Sturgis said: "Mrs. Custis is not doing this for nothing. * * * I could wash my feet but I have kidney trouble. * * * I will see that she gets paid and not in the hundreds, it will be in the thousands and also I will remember her in my will."

A sufficient reference has been made to the testimony for the plaintiff to indicate its nature and effect. It tended to prove that the plaintiff rendered valuable and long continued services to the defendant's testator, for which he felt obligated to pay, and for which the note in question was intended as compensation. The decedent was in a position to estimate the value to him of the ministrations which he thus accepted from one with whom he had no family relationship. His resources were ample for the payment of the note by which his appreciation of the service was given practical expression. It would not be proper to hold that the note was without consideration because the reward it provided might be regarded as unnecessarily generous. As this court said in *Brewer v. Sowers,* 118 Md. 687: "In the absence of fraud or some inequitable advantage taken by one party over another, courts do not inquire into the adequacy of the consideration for a promise, but usually leave that to the parties if it is something of value." There being evidence to support a conclusion that the note was designed to recompense the plaintiff for services of real and recognized value to the maker, it is clear that the case could not have been taken from the jury because of contradicting testimony which tended to minimize the services, or upon the theory that the note was presented to the plaintiff as a gift. In *DeGrange v. DeGrange,* 96 Md. 609, cited by the appellant, the conceded purpose of the note was to evidence a gift to the payee of the sum of money therein specified. The adverse rulings on the motion to strike out

the evidence adduced by the plaintiff, and on the prayer for a directed verdict in favor of the defendant, were correct, and for the same reason the defendant's special exceptions to the plaintiff's first prayer were properly overruled.

By the second prayer of the plaintiff, which was granted, the jury were instructed that, if the note offered in evidence was executed and delivered by the defendant's testator to the plaintiff and was not procured by fraud, then it "is legally presumed *prima facie* to have passed" for a valuable consideration, and the burden of proving a want or failure of consideration is on the defendant. This instruction is said to be incorrect because the plaintiff did not rest her case in chief with proof and production of the note, but introduced evidence of consideration at that stage of the trial. The only case cited as to this point is *Herrick v. Swomley,* 56 Md. 439, where it was held that when assignees of a note, instead of resting their case with proof of its execution and assignment, proceeded to offer evidence of its transfer to them before maturity, it was incumbent upon them to produce all of their evidence on that subject in chief, and they were not at liberty to present a part of it in rebuttal. The *prima facie* presumption of consideration is raised by the law in favor of one holding a negotiable instrument in due course and is not affected by the order in which proof on the question of consideration may be offered.

Upon the issue as to whether the note was signed by the alleged maker, the defendant proved that the vision of Mr. Sturgis was seriously impaired, and that he usually required assistance in signing his name. This was in opposition to testimony by the plaintiff's husband that he saw Mr. Sturgis sign the note after the witness had prepared it by his direction. In regard to the issue of fraud, incident to the denial of the signature, the plaintiff requested an instruction that the defendant was subject to the burden of proof. It was proper to grant an instruction to that effect.

The question whether the note was duly executed and delivered, and issues of fraud and want of consideration, were submitted to the jury under six instructions granted at the

defendant's request. From one of the prayers so granted, on the subject of consideration, the court struck out a reference to an understanding between the maker and the payee of the note that it would not be presented for payment in the maker's lifetime. By its terms the note was payable on demand. If it had stipulated that it was to be paid after the death of the maker, it would not for that reason be invalid. *Harper v. Davis,* 93 Md. 716. On the other hand, it was not essential to a recovery that the jury should find the understanding, to which the prayer referred, as to the time of presentation for payment. The clause eliminated from the prayer by the court was, therefore, immaterial. One of the prayers offered by the defendant on the issue as to want of consideration was rejected, but its theory was sufficiently presented 'by another prayer of the defendant which was granted.

*Judgment affirmed, with costs.*