### SHEPARD *v.* BESTAR.

1. HUSBAND AND WIFE—BILLS AND NOTES—MORTGAGES—COVERTURE.
   In assumpsit against a woman on promissory notes, signed by her and secured by mortgage on her property signed by herself and husband, given to take up former mortgage, the fact that she gave avails of former mortgage to her husband did not clothe her with the immunity of coverture.

2. SAME—BILLS AND NOTES—INTENT.
   Married woman may execute promissory notes, secured by mortgage on her individual real estate, and let her husband use the money, since such a contract is within her power and is not rendered otherwise if the lender is aware of the purpose, nor does it constitute her a surety for her husband's debts.

3. SAME—MORTGAGES—COVERTURE.
   Mortgage on wife's individual property and signed by her and her husband to secure notes signed by her alone is not subject to defense of coverture.

Appeal from Berrien; White (Charles E.), J. Submitted January 23, 1935. (Docket No. 153, Calendar No. 38,246.) Decided April 8, 1935. Rehearing denied June 19, 1935.

Assumpsit by Lloyd M. Shepard against Marie Vincent Bestar on mortgage notes. Judgment for plaintiff. Defendant appeals. Affirmed.

*Stuart B. White,* for plaintiff.

*Gray & Gray (Chester P. O'Hara,* of counsel), for defendant.

WIEST, J. Defendant, a married woman, owned business property in the city of Benton Harbor, incumbered by mortgage. November 1, 1929, defendant and her husband executed a mortgage on the property to the Commercial National Bank & Trust Company of St. Joseph, for the sum of $17,000, accompanied by 34 notes for $500 each, signed by her alone. The mortgage and notes were given to take up the prior incumbrance. Plaintiff, holder of several of the notes, brought this suit and had recovery thereon. Defendant, by appeal, asserts immunity by reason of coverture, and claims it was agreed by the bank that her husband's signature would be obtained upon the notes and such was not done.

The mortgage was upon her separate estate and valid, to relieve her property from a former mortgage thereon and the notes were for the same purpose and bore no relation other than to her separate estate. The fact that the previous mortgage avails were given by her to her husband did not clothe her, in this instance, with any of the immunity of coverture.

There is no rule of law in this State preventing a married woman from executing her note or notes, secured by mortgage on real estate, of which she is the sole owner in fee, and letting her husband use the money. Such a contract is her own, bears rela-

tion to her separate estate, is within her power and not rendered otherwise if the lender is aware of the purpose. It does not constitute the wife a surety for the debts and obligations of the husband.

The mortgage would not be subject to any defense here offered. *Peoples Wayne County Bank* v. *Wesolowska*, 256 Mich. 45. The notes, accompanying the mortgage, carry the same freedom from the grounds of attack here made. The loan for which the mortgage and notes were given was for the benefit of her sole property, and she could deal therewith as though unmarried.

The judgment is affirmed, with costs to plaintiff.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.