COLLATERAL LIQUIDATION, INC., *v.* LIPPMAN.

1. Pleading—Mortgages — Evidence— Bills and Notes — Denial of Execution.

Note and mortgage *held*, properly received in evidence in chancery foreclosure suit without proof of execution where defendants had not denied execution under oath (Court Rule No. 29 [1933]).

2. Mortgages—Foreclosure—Amount Claimed—Burden of Proof —Payments.

In chancery foreclosure suit the introduction in evidence of note and mortgage is sufficient to cast upon defendants burden of showing payments thereon where plaintiff only claims sum shown upon the instruments and accumulations provided therein to be determined from computations thereon.

3. Same—Taxes—Insurance Premiums—Burden of Proof.

In chancery foreclosure, plaintiff has burden of proof of payment and amounts of taxes and insurance premiums otherwise than by mere introduction of note and mortgage in evidence.

4. Evidence—Books of Account—Best Evidence.

Introduction of mortgage record card in evidence over objection of mortgagor in chancery foreclosure suit in which taxes and insurance premiums were sought to be recovered *held*, reversible error where it appeared not to have been one of original entry, was not shown to have been made contemporaneously with the events or a card kept in the regular course of business, and where records from which entries thereon were taken were available but not produced (Act No. 15, Pub. Acts 1935, amending 3 Comp. Laws 1929, § 14207).

5. Mortgages—Moratorium—Record.

Record *held*, insufficient to support claim for moratorium relief of defendants in chancery foreclosure proceedings.

Appeal from Wayne; Chenot (James E.), J. Submitted November 12, 1935. (Docket No. 113, Calendar No. 38,624.) Decided December 10, 1935. Rehearing denied January 31, 1936.

Bill by Collateral Liquidation, Inc., a Delaware corporation, against Harry J. Lippman and others to foreclose a mortgage. Cross-bill by defendant

Lippman and wife against plaintiff for an accounting and for relief under the mortgage moratorium act. Decree for plaintiff. Defendants Lippman appeal. Reversed and remanded for rehearing.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Harry J. Lippman,* for defendants.

Fead, J. This is a bill to foreclose a real estate mortgage for $30,000, executed in 1926 by defendants Lippman to Guardian Trust Company of Detroit, assigned to Union Guardian Trust Company March 31, 1930, and to plaintiff on June 13, 1934. Plaintiff had decree of foreclosure for $37,835.58, which included principal of $26,352.03, interest, insurance premiums and taxes. The question is whether plaintiff made proper proof of the amount due.

Defendants introduced no testimony but in crossbill they alleged that plaintiff had had possession of the premises for a time, had collected the rents and they prayed an accounting. Plaintiff admitted the possession but claimed a balance of $30 due it from the defendants in the transaction. Defendants denied plaintiff's allegation of the amount claimed to be due on the mortgage.

The testimony was taken before a circuit court commissioner. Plaintiff introduced in evidence the note and mortgage. The instruments were properly received without proof of execution because of want of denial of execution by defendants under oath. Court Rule No. 29 (1933).

If nothing but the sums shown upon the instruments and accumulations provided therein, to be determined from computations thereon, had been claimed, the introduction of the instruments would have been sufficient to cast upon defendants the burden of showing payments thereon. *Lyon* v. *McDon-*

*ald,* 51 Mich. 435. But the claim for taxes and insurance premiums included in the decree required proof of their payment and amounts by plaintiff.

Plaintiff offered a mortgage record card of its assignor, the Union Guardian Trust Company, without evidence of correctness of any item thereon, nor production of the person making any entry except one. The record is not clear whether the card was one of original entry. It appears not to have been because prior dates follow subsequent dates on it. There was no showing that the entries were made contemporaneously with the events nor that the card was kept in the regular course of business. Moreover, the earliest date on it was a balance of principal of April 29, 1930, taken from the books of the Guardian Trust Company, which are available but were not introduced, and no showing was made of correctness of such balance. The testimony was all received over defendants' repeated objections.

While, because of defendants' financial condition, the value of the property or other circumstances, the ultimate result may not be changed and defendants may have no substantial benefit from setting aside the present decree, nevertheless we cannot permit this case to establish a precedent that such proof is sufficient. Even Act No. 15, Pub. Acts 1935 (amending 3 Comp. Laws 1929, § 14207), cited by counsel for plaintiff, and which requires a showing that books are kept in the regular course of business, would not justify the character of proof here made.

Upon this record there was no showing by defendants in support of their claim for moratorium relief.

Decree is set aside, with costs to defendants, and cause remanded to the circuit court for rehearing.

Potter, C. J., and Toy, North, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.