COLLATERAL LIQUIDATION, INC., *v.* LIPPMAN.

1. MORTGAGES—INSURANCE—TAXES—EVIDENCE OF PAYMENT.

Evidence of payment of taxes and insurance by foreclosing corporate mortgagee, consisting of uncontradicted testimony of person who transferred balance entry from original records, now destroyed, to mortgage record card, proof of additional items on such card, and official tax receipts showing payment by plaintiff, *held*, sufficient proof of payment of such items claimed by plaintiff.

2. APPEAL AND ERROR — MORTGAGES — DEFICIENCY — REHEARING— QUESTIONS REVIEWABLE.

Contention that foreclosing mortgagee was not entitled to deficiency decree because deficiency was waived upon first hearing *held*, not entitled to consideration on appeal from decree entered on rehearing had upon remand of case from Supreme Court where matter was not raised on rehearing in trial court.

3. MORTGAGES—EQUITY—ANSWER—NOTICE OF DEFENSE.

In chancery suit to foreclose mortgage against husband and wife, proposed defense that execution of mortgage was ineffective to render wife subject to deficiency because witnessing and acknowledging execution of power of attorney under which mortgage was executed were false *held*, properly excluded under answer which failed to give notice of such defense other than by assertion of nonliability by reason of coverture (Court Rule No. 23, § 3 [1933]).

4. SAME—FORECLOSURE—DEFENSES OF WIFE—AMENDMENT ON REHEARING—DISCRETION OF COURT.

Refusal to permit amendment of pleadings upon motion of defendant wife, made on rehearing after remand from Supreme Court in chancery suit to foreclose mortgage on apartment building, to allege defects in power of attorney under which mortgage and note were executed, a defense of which notice was not given in the pleadings nor indicated until such rehearing *held*, not an abuse of discretion.

5. HUSBAND AND WIFE—TENANCY BY ENTIRETIES—DEFICIENCY EXE-
CUTION.

    Execution for deficiency against wife awarded mortgagee in
foreclosure suit of mortgage on property owned by mort-
gagors as tenants by the entireties *held,* limited to satisfaction
out of properties owned by such mortgagors by the entireties
(3 Comp. Laws 1929, §§ 13062–13067).

6. MORTGAGES—MORATORIUM RELIEF—BURDEN OF PROOF—DISCRE-
TION OF COURT.

    Burden of proof moving court to grant moratorium relief in
chancery suit to foreclose mortgage on apartment property
*held,* not sustained by mortgagors.

Appeal from Wayne; Chenot (James E.), J. Sub-
mitted November 30, 1936. (Docket No. 137, Calen-
dar No. 39,232.) Decided December 28, 1936. Re-
hearing denied March 2, 1937.

Bill by Collateral Liquidation, Inc., a corporation,
against Harry J. Lippman and wife and others to
foreclose a mortgage, for a deficiency decree and
other relief. Cross-bill by defendants Harry J.
Lippman and wife against plaintiffs for moratorium
relief, an injunction and other relief. Decree for
plaintiff. Cross-bill dismissed. Defendants appeal.
Affirmed.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Harry J. Lippman,* for defendants.

TOY, J. This cause wherein plaintiff seeks equi-
table foreclosure of a mortgage, was before us in
273 Mich. 586, where we remanded it to the circuit
court for rehearing because of failure of plaintiff
to offer competent proof of its claim for taxes and
insurance premiums as against defendants. From

a decree of foreclosure and for deficiency entered, defendants again appeal.

In the record they assign 37 "reasons and grounds" for appeal which they restate in their brief in 22 "questions involved." Only a few of such reasons or questions merit discussion here.

Appellants contend, as they contended in their first appeal, that there is still no competent proof of the items of taxes and insurance. We find no merit in such contention. Upon the rehearing, plaintiff produced competent evidence showing that the records of original entry had been inadvertently destroyed during the pendency of the former appeal. It introduced the person making the transfer of the balance entry from the original records (now destroyed) to the mortgage record card. It further proved the additional items upon the mortgage record card. Official tax statements from county and municipal treasurers containing the receipts of the respective officials of payment of taxes upon the property involved were produced by plaintiff, which with the mortgage record card showed payment by plaintiff thereof. This was uncontradicted. We think the proof sufficient.

The defendants contend that plaintiff is not here entitled to a deficiency decree, because it expressly waived such deficiency upon the first hearing. Whether this be true we need not decide for this proposition was not raised by defendants upon the rehearing, therefore we will not here consider it.

The defendant Marian F. Lippman contends that no deficiency decree should have been entered against her because the power of attorney authorizing an attorney-in-fact to execute the mortgage involved contained no reference to a "coercion clause." The chancellor refused to permit such a

defense under the answer of defendant, which in reference thereto was as follows:

"Answering further this defendant Marian F. Lippman denies that she is in any manner liable unto the within named plaintiff, she being at the time of the execution of the mortgage in question a married woman having executed the mortgage in question as wife of defendant Harry J. Lippman, and in no other capacity, she under the law not being liable for any deficiency unto the within named plaintiff, and the within named plaintiff by reason of her coverture being entitled to no relief as against her."

Under this answer, defendant attempted to prove that the power of attorney, under which the mortgage involved and note were executed, was not signed, dated, witnessed or acknowledged in Detroit, Michigan, as shown by the instrument itself, but was signed in London, England, some weeks after its date, while such defendant and her husband, defendant Harry J. Lippman, were visiting there, and that the witnessing and acknowledging thereof were false. The answer above quoted gives no notice of such a defense. The court was not in error in excluding this proposed defense. Court Rule No. 23, § 3 (1933).

After the ruling of the court, Mrs. Lippman sought to amend for the purpose of making such defense. The court refused to permit the amendment.

We find no abuse of discretion in such ruling. The power of attorney, mortgage and note were executed in 1926. The property in question is an apartment building from which defendants have been receiving approximately $300 each month in rentals. The defense here sought to be interposed

was in no way indicated until the rehearing although the foreclosure proceedings had been commenced in 1934 and hearing thereon had been had before the circuit court commissioner, the circuit court and the Supreme court. Although a separate record of the testimony relative to the above defense was permitted by the trial judge, we find therein no convincing proof of coercion or fraud upon Mrs. Lippman.

The decree holding Mrs. Lippman liable for deficiency is based upon Act No. 158, Pub. Acts 1917 (3 Comp. Laws 1929, §§ 13062–13067), and therefore execution for the collection thereof is limited to satisfaction out of properties owned by Mrs. Lippman and her husband by the entireties.

Appellants complain because the court below did not grant them relief by moratorium. The record discloses no proof by appellants in relation thereto which should move the discretion of the court in their behalf. The burden thereof is upon appellants. *Equitable Trust Co.* v. *Katz,* 274 Mich. 212.

We find no reason to reverse or modify the decree entered below. Therefore it is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.