COLLATERAL LIQUIDATION, INC., v. MANNING.

1. ACKNOWLEDGMENT—EFFECT AS TO VALIDITY OF EXECUTION OF IN-
STRUMENT.
   A married woman who signs a note and mortgage before two
   witnesses and acknowledges mortgage before a notary, even if
   ignorant of the entire transaction, cannot challenge the validity
   of the execution of the instruments in the absence of a claim
   of fraud, duress or mistake.

2. SIGNATURES—ESTOPPEL TO DENY VOLUNTARY EXECUTION.
   A person who voluntarily signs an instrument without reading it
   is generally precluded from denying his signature.

3. HUSBAND AND WIFE—WIFE'S ESTOPPEL TO DENY SIGNATURE.
   A wife who signs an instrument at request of husband who is
   thereby enabled to borrow money from a lender who relies on
   the instrument being what it purports to be is estopped from
   denying validity of the execution.

4. SAME—MARRIED WOMAN'S CONTRACT.
   In order to charge a married woman upon her agreement, it must
   be shown that each contract was with respect to her sole and
   separate estate (3 Comp. Laws 1929, § 13057).

5. SAME—SEPARATE ESTATE—PRESUMPTION OF CONSIDERATION.
   Presumption that a negotiable instrument is supported by con-
   sideration cannot be relied upon to show that the separate
   estate of a married woman who signed it was involved but the
   presumption may be relied on to show existence of some con-
   sideration (Comp. Laws 1929, §§ 9273, 13057).

6. SAME—SEPARATE ESTATE—CONVEYANCE—MORTGAGES.
   A married woman may deal with her separate property as though
   she were unmarried and may convey or mortgage it to secure
   the debts of her husband (3 Comp. Laws 1929, § 13057).

7. SAME—MORTGAGE ON SEPARATE PROPERTY—CONSIDERATION.

The validity of a mortgage given by a married woman on her separate property is not affected by the fact that her husband or some other person received the benefits thereof.

8. BILLS AND NOTES—PRESUMPTION OF CONSIDERATION—EVIDENCE.

Once attached, the presumption that a negotiable instrument is supported by consideration persists until evidence to the contrary is produced, regardless of any deficiencies in plaintiff's proofs so long as they are not inconsistent (2 Comp. Laws 1929, § 9273).

9. SAME—PRESUMPTION OF CONSIDERATION—MAKER'S DENIAL.

Married woman's denial that she received proceeds of loan for which she had given note *held,* insufficient to rebut the presumption of consideration (2 Comp. Laws 1929, § 9273).

10. HUSBAND AND WIFE—NEGOTIABLE INSTRUMENTS—PRESUMPTION OF CONSIDERATION.

In assumpsit on negotiable mortgage note, executed by a married woman, holder was entitled to rely on presumption that such an instrument is supported by consideration, as against maker's claim that such presumption is inapplicable to such notes given by married women (Comp. Laws 1929, §§ 9273, 13057).

11. APPEAL AND ERROR—JUDGMENT OF NO CAUSE OF ACTION—COURT SITTING WITHOUT JURY—EVIDENCE.

On appeal from judgment for defendant, in action tried without a jury, on defendant's motion for judgment of no cause of action, all reasonable inferences in plaintiff's favor are drawn from evidence.

12. BILLS AND NOTES—CONSIDERATION—QUESTION OF FACT—MARRIED WOMEN.

In assumpsit by holder of negotiable mortgage note against maker, a married woman, record *held,* to contain sufficient evidence of consideration to raise a question of fact.

13. EVIDENCE—LOST INSTRUMENTS—DESTRUCTION OF ORIGINAL LEDGER SHEETS—COPIES—CARDS.

One cannot make entries in ledgers from time to time and destroy them after making a card which is claimed to be an accurate copy and have such card admitted in evidence under statute dealing with lost instruments (3 Comp. Laws 1929, § 14208).

14. SAME—LOST INSTRUMENTS—ORIGINAL LEDGER SHEETS—MORT-
GAGE RECORD CARD—ENTRIES MADE IN ORDINARY COURSE OF BUSI-
NESS.

    In action on negotiable mortgage note, mortgage record card,
made three years after transaction of which it purports to be
a record, *held*, inadmissible where original ledger sheets from
which card entries were copied were destroyed by plaintiff,
whether or not items on card were copied from ledger or were
summary of ledger sheets, since ledger sheets were not "lost
instruments" within meaning of statute providing for proof
of their contents nor were entries on such cards made at the
time and in the ordinary course of business (3 Comp. Laws
1929, § 14207, as amended by Act No. 15, Pub. Acts 1935,
§ 14208).

WIEST, POTTER, and NORTH, JJ., dissenting.

Appeal from Wayne; Miller (Guy A.), J. Sub-
mitted October 4, 1938. (Docket No. 15, Calendar
No. 40,150.) Decided February 2, 1939.

Assumpsit by Collateral Liquidation, Inc., a Dela-
ware corporation, against Margaret Manning for
sums due on a promissory note and for sums due
for interest and taxes. Judgment for defendant.
Plaintiff appeals. Reversed and new trial granted.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Payne & Payne* (*Albert McClatchey,* of counsel),
for defendant.

McALLISTER, J. Defendant, Margaret Manning,
signed a mortgage note, dated April 19, 1926, for
$8,000. The parties have considered this note to be
negotiable. She also executed at the same time a
mortgage in a like sum to the Union Trust Company
on certain property in the city of Detroit, which was
not deeded to Mrs. Manning until April 21, 1926.

Both the note and mortgage, after several assignments, passed to the plaintiff, a Delaware corporation, which brought this suit in assumpsit to collect the unpaid principal of the note, together with interest, certain taxes and insurance premiums.

Defendant's husband, Bart Manning, now deceased, was then vice-president of the original mortgagee, Union Trust Company. From time to time Manning presented various papers to his wife for her signature and she admitted that she was in the habit of signing such papers without either reading or inquiring into the nature of the particular instrument, and that on one such occasion she might possibly have signed this note and mortgage without knowledge of their contents. She claimed, however, that, even if she had signed them, it was never her personal transaction and that she received no benefit or consideration in connection therewith. She did not deny execution of the note (Court Rule No. 29 [1933]) or that she held title to the property described in the mortgage.

At the close of plaintiff's proofs, the trial court, sitting without a jury, granted defendant's motion for a judgment of no cause of action. The court held that plaintiff had failed to establish that Mrs. Manning, who was a married woman at the time of the execution of the note and mortgage, had received any consideration in connection with the transaction. Judgment was entered for defendant and plaintiff appeals.

Appellant claims that it was entitled to rely upon the presumption of consideration provided in the negotiable instruments law, 2 Comp. Laws 1929, § 9273 (Stat. Ann. § 19.66), and that the judgment entered for defendant was improper. Appellee, Margaret Manning, argues that plaintiff did not prove

that any consideration passed either to her or any other person, and that the presumption of consideration is inapplicable to negotiable instruments given by a married woman, because her right to contract is limited, and for this reason the validity of her undertakings cannot be presumed but must be affirmatively shown. Appellant questions the court's ruling of nonadmissibility of a certain mortgage accrual card, offered by it as secondary evidence of the distribution of the proceeds of the mortgage.

After defendant signed the note and mortgage before two witnesses and acknowledged the mortgage before a notary, even if it be assumed that she was still ignorant of the entire transaction, she cannot be heard to challenge the validity of the execution of the instrument in the absence of a claim of fraud, duress or mistake. Not only is one who voluntarily signs an instrument without reading it precluded, as a general rule, from denying his signature, *Gardner* v. *Johnson,* 236 Mich. 258; *Draeger* v. *Kent County Savings Ass'n,* 242 Mich. 486, but this court has specifically said that where "a wife signs an instrument at the request of her husband, and she testifies that she did so habitually and always, and the husband is thereby enabled to borrow money upon such instrument, the lender relying upon the paper being what it purports to be upon its face, the wife should be held to be estopped from denying the validity of such execution and delivery." *Ehle* v. *Looker,* 182 Mich. 248, 254. See, also, *Eadus* v. *Hunter,* 249 Mich. 190, 193.

Although defendant claimed she was unaware of the mortgage obligation until sometime in February of 1931, the record shows that she executed a warranty deed on January 9, 1930 to Robert Oakman, conveying the property in question, and re-

citing the existence of the mortgage. After the date on which she claims she discovered the existence of the mortgage she made no attempt to repudiate it and, on February 9, 1931, Oakman and wife gave a quitclaim deed to the same property to Mrs. Manning, which was recorded on March 11, 1931. She received rentals from the property and, although she denied his authority to act for her in this respect, defendant's son signed an application for a renewal of the mortgage on February 10, 1931.

Section 26 of the negotiable instruments law, 2 Comp. Laws 1929, § 9273 (Stat. Ann. § 19.66), provides that:

"Every negotiable instrument is deemed *prima facie* to have been issued for valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Notwithstanding the plain language of the statute, appellee claims that where a negotiable instrument is executed by a married woman, consideration cannot be presumed, but it must be affirmatively proved that there was good legal consideration given and that actual value passed, citing, in support of this argument, a line of cases, including *Kenton Ins. Co. of Kentucky* v. *McClellan,* 43 Mich. 564; *Fechheimer* v. *Peirce,* 70 Mich. 440; *Fisk* v. *Mills,* 104 Mich. 433; and *Judd* v. *Judd,* 187 Mich. 612.

There is broad language in some of these decisions which seems to support appellee's view, but these cases, without exception, deal with the power of a married woman to contract. These authorities hold that, in order to charge a married woman upon her agreement, it must be shown that such contract was with respect to her sole and separate estate. 3 Comp. Laws 1929, § 13057 (Stat. Ann. § 26.161).

The question of consideration is another matter. Although usually, as in the cases just cited, proof of the nature of the consideration will show whether the married woman's separate estate is involved, there is no necessary connection between an inquiry into the type of property as to which the obligor had power to bind herself and the nature of the consideration that was given to induce and support her obligation. As appellant points out, the foregoing cases only hold that the presumption of consideration cannot be relied upon to show that a married woman's separate estate was involved in the transaction, but they do not say that the presumption cannot be relied upon to show the existence of some consideration. This distinction is also implied in our holding in *Shepard* v. *Bestar*, 271 Mich. 219, where we said:

"There is no rule of law in this State preventing a married woman from executing her note or notes, secured by mortgage on real estate, of which she is the sole owner in fee, and letting her husband use the money. Such a contract is her own, bears relation to her separate estate, is within her power and not rendered otherwise if the lender is aware of the purpose. It does not constitute the wife a surety for the debts and obligations of the husband.

"The mortgage would not be subject to any defense here offered. *Peoples Wayne County Bank* v. *Wesolowska*, 256 Mich. 45. The notes, accompanying the mortgage, carry the same freedom from the grounds of attack here made. The loan for which the mortgage and notes were given was for the benefit of her sole property, and she could deal therewith as though unmarried."

A married woman may convey her property to secure the debts of her husband, *Kieldsen* v. *Blodgett*,

113 Mich. 655, and she can execute a mortgage for the same purpose, *Marx* v. *Bellel,* 114 Mich. 631; *Seymour* v. *Powers,* 255 Mich. 624; *Farmers & Merchants National Bank & Trust Co.* v. *Globe Indemnity Co.,* 264 Mich. 395. Mrs. Manning had the legal right to mortgage her own property and, whether her husband or some other person received the benefits thereof, is immaterial. *Shepard* v. *Bestar, supra.*

There is some suggestion in the opinion of the trial court that, when plaintiff attempted to prove actual consideration, it waived its right to rely upon the presumption. The *prima facie* case raised by the presumption persists until evidence to the contrary is produced, *Steep* v. *Harpham,* 241 Mich. 652, and, whatever may have been the deficiencies in plaintiff's proofs, they were not inconsistent therewith. See *Durland* v. *Durland,* 153 N. Y. 67 (47 N. E. 42), and *Citizens National Bank of Pocomoke City* v. *Custis,* 155 Md. 173 (141 Atl. 556). Nor would defendant's denial that she received the proceeds of the loan be sufficient to rebut the presumption of consideration. See *Watts* v. *Copeland,* 170 S. C. 449 (170 S. E. 780); *Drake* v. *Seck,* 116 Kan. 717 (229 Pac. 67); *American National Bank of Mt. Carmel* v. *Woolard,* 342 Ill. 148 (173 N. E. 787); *Merchants National Bank of Raleigh* v. *Andrews,* 179 N. C. 341 (102 S. E. 500).

The judgment entered for defendant was erroneous because the trial court denied plaintiff the benefit of the presumption. There are also several other questions which require comment.

Quite apart from the presumption of consideration, we cannot say that the record is "barren of any testimony to the effect that there ever was any consideration paid," as was held by the trial court.

Plaintiff, after proving the note, introduced some evidence that a voucher for the loan had been prepared by officers and employees of the mortgagee in the usual course of business on April 21, 1926. This voucher shows that the loan was entered on the books and that it reached the teller and auditor. It was also shown that, in the usual course of business, the proceeds of such loans were either paid out in cash or by check, or that a credit was made to a so-called investment deposit account, which was similar to an ordinary savings account at a bank. Both Mrs. Manning and her husband had such accounts with the Union Trust Company. Plaintiff's witnesses testified that the proceeds of the mortgage loan must have been so paid in cash or by check or credited to some account, since the books of the trust company would not otherwise have balanced at the end of the day. There was testimony that on the day in question the books did balance.

Drawing from this evidence all reasonable inferences in plaintiff's favor, *Hale* v. *Cole,* 241 Mich. 624; *Steep* v. *Harpham, supra,* the record does contain sufficient evidence of consideration to raise a question of fact. *McQuillan* v. *Eckerson,* 178 Mich. 281.

Plaintiff offered in evidence a so-called mortgage accrual card, which purported to be an individual record of the Margaret Manning mortgage transaction and kept by the mortgagee. It included details of payments on principal and interest as well as entries of moneys advanced for taxes, insurance, et cetera, by the Union Trust Company and its successors. As to items subsequent to May 1, 1929, after which time the original ledgers of the Union Trust Company were destroyed, the card was admitted, but the trial court refused to allow the card

as proof of disbursements prior to that date. The first entry on the card was

"Debit
"Balance
"Forwarded, $8,000."

Plaintiff claimed this entry was proof of the payment of $8,000 for the benefit of Mrs. Manning.

The admission of such cards was considered in *Collateral Liquidation, Inc.,* v. *Lippman,* 273 Mich. 586, and same case, 278 Mich. 508. In that case, on rehearing, plaintiff "produced competent evidence showing that the records of original entry had been inadvertently destroyed during the pendency of the former appeal. It introduced the person making the transfer of the balance entry from the original records (now destroyed) to the mortgage record card. It further proved the additional items upon the mortgage record card. Official tax statements from county and municipal treasurers containing the receipts of the respective officials of payment of taxes upon the property involved were produced by plaintiff, which with the mortgage record card showed payment by plaintiff thereof. This was uncontradicted."

We held that such proof was sufficient.

Here, on the other hand, the testimony shows that the original ledger sheets, from which the debit balance was claimed to have been taken, had been deliberately destroyed by plaintiff because it was thought that there was "no further use for them and they were taking up space."

We agree with the trial court that one cannot make entries in ledgers from time to time, then destroy them after making a card which, it is claimed, is an accurate copy, and have such card admitted in evi-

dence.    Whether or not the debit balance item was copied from the ledger, as plaintiff claims, or was a summary of the original ledger entries, as the trial court found, in neither event is it admissible under 3 Comp. Laws 1929, § 14208 (Stat. Ann. § 27.903). This statute deals with *lost* instruments, and any necessity for the introduction of the card in question is caused by plaintiff's own deliberate act.    The card was made three years after the transaction of which it purports to be a record.    It is therefore inadmissible as a memorandum made at the time and in the ordinary course of business.    3 Comp. Laws 1929, § 14207, as amended by Act No. 15, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 14207, Stat. Ann. § 27.902).

The judgment entered for defendant is vacated and the cause is remanded for a new trial.    Costs to appellant.

BUTZEL, C. J., and BUSHNELL, SHARPE, and CHANDLER, JJ., concurred with McALLISTER, J.

WIEST, J. (*dissenting*).    This is an action in assumpsit upon a promissory note executed by a married woman and secured by mortgage upon her real estate.

For want of proof of consideration, bringing right of recovery under the provisions of the married women's act (3 Comp. Laws 1929, § 13057 [Stat. Ann. § 26.161]), the court entered judgment for defendant.

The mortgage is not here involved.    Appeal is by plaintiff and right to have recovery without proof of such consideration is claimed under the following provision of the negotiable instruments law (2 Comp. Laws 1929, § 9273 [Stat. Ann. § 19.66]) :

"Every negotiable instrument is deemed *prima facie* to have been issued for valuable consideration;

and every person whose signature appears thereon to have become a party thereto for value.''

That provision, enacted in 1905 (Act No. 265, § 26, Pub. Acts 1905), as a codification of the law, brought no change in the fundamental principle which has always prevailed in this jurisdiction that a negotiable note imports consideration. *Stewart* v. *Shaw,* 55 Mich. 613; *Manistee National Bank* v. *Seymour,* 64 Mich. 59; *Cawthorpe* v. *Clark,* 173 Mich. 267; *McQuillan* v. *Eckerson,* 178 Mich. 281.

But this rule falls far short of constituting consideration evidence in the particulars required to constitute a married woman personally liable.

The negotiable instruments law does not enable one suing upon a married woman's promissory note to have recovery without showing that the married woman had capacity to execute the obligation and to assume personal liability.

As said in *Monroe State Savings Bank* v. *Orloff,* 232 Mich. 486, 492:

''The rule is well established in this State that when it is sought to hold a female on an obligation signed by her, and it appears that she is a married woman, the burden is on the plaintiff to show that a consideration passed to her; in other words, that her promise to pay had reference to her separate property. *Judd* v. *Judd,* 187 Mich. 612, in which the earlier cases are reviewed and discussed.''

But it is said that defendant did not plead coverture.

It was not necessary for her to plead coverture for her denial of the following allegation in plaintiff's declaration framed such issue:

''That the said note and/or mortgage related to the sole and separate property of the said defendant Margaret Manning, and the money loaned to the said

defendant in connection with the said note and/or mortgage benefited the said defendant with respect to her sole and separate property and/or estate.''

Plaintiff failed to show that the note ''benefited the said defendant with respect to her sole and separate property and/or estate'' and, without such showing of defendant's competency to incur the personal obligation in suit, the circuit judge was clearly right in entering judgment for defendant.

The judgment should be affirmed, with costs to defendant.

POTTER and NORTH, JJ., concurred with WIEST, J.